SZPAK v INYANG

Docket No. 292625. Submitted November 10, 2010, at Detroit. Decided November 23, 2010, at 9:15 a.m.

David and Michelle Szpak, individually, and Michelle Szpak as next friend of the minor, Alexa Szpak, brought a medical malpractice action in the Oakland Circuit court against Alexa's treating physicians, Joy Inyang, M.D., Michael Falzon, M.D., and B. Najem, M.D., and their principals, Huron Valley Hospitals, Inc. (HVH), and Huron Valley Pediatrics, P.C. (HVP), alleging negligence and derivative claims. To ensure compliance with the Health Insurance Portability and Accountability Act (HIPAA), 42 USC 1320d *et seq.*, counsel for Najem and HVP filed a motion in which Inyang, Falzon, and HVH joined, seeking a qualified protective order covering ex parte interviews with any treating physicians and prohibiting them from using or disclosing any health information acquired in the covered interviews, as required by HIPAA. 45 CFR 164.512(e)(1). The court, Denise Langford Morris, J., granted the order but added conditions requested by plaintiffs requiring that plaintiffs' counsel be given notice of the interviews, permitting plaintiffs' counsel to be present at the interviews, and barring defense counsel from any ex parte interviews with David's and Michelle's treating physicians. The court subsequently dismissed the claims of David and Michelle Szpak because the period of limitations had expired before they brought their claims. Najem and HVP appealed; Inyang, Falzon, and HVH cross-appealed.

The Court of Appeals *held*:

Ex parte interviews by defense counsel are permitted under Michigan law, and nothing in HIPAA specifically precludes them. However, under MCR 2.302(C), when a party seeking discovery moves for a qualified protective order as required by HIPAA, on reasonable notice and for good cause shown, the court may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Thus, the conditions imposed on the ex parte interviews must be those that justice requires. The first part of the protective order—the portion sought by defendants—specifically prohibited defendants from using or disclosing any health information ac-

quired in the covered interviews, as required by HIPAA. The additional conditions imposed by the court—that plaintiffs' counsel must have notice and may be present at the interviews—were sought by plaintiffs only in response to the motion, and had no bearing on the disclosure of health information. Although plaintiffs argued that the treating physicians in this case could be subject to intimidation during the interviews, they did not identify any facts supporting the fear that defense counsel would intimidate treating physicians during voluntary ex parte interviews. Because there was no showing that justice required the conditions requested by plaintiffs and imposed by the court, the court abused its discretion when it imposed conditions unrelated to compliance with HIPAA or any related privacy concerns.

Reversed in part, vacated in part, and remanded for further proceedings.

HEALTH — HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT — MEDICAL MALPRACTICE — EX PARTE INTERVIEWS WITH HEALTH-CARE PROVIDERS — PROTECTIVE ORDERS.

Ex parte interviews by defense counsel are permitted under Michigan law as long as the party seeking discovery moves for a qualified protective order as required by HIPAA; on reasonable notice and for good cause shown, the court may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense (42 USC 1320d *et seq.*; 45 CFR 164.512[e][1]; MCR 2.302[C]).

*Kelman Loria, PLLC* (by *Charles H. Chomet*), for David, Michelle, and Alexa Szpak.

*Corbet, Shaw, Essad & Tucciarone, P.L.L.C.* (by *Daniel R. Corbet* and *Joshua O. Booth*) for Joy Inyang, M.D., Michael Falzon, M.D., and Huron Valley Hospitals, Inc.

*Plunkett Cooney* (by *Robert G. Kamenec*) and *Foster Swift Collins & Smith, P.C.* (by *Bruce A. Vande Vusse*), for B. Najem, M.D., and Huron Valley Pediatrics, P.C.

Before: O'CONNELL, P.J., and BANDSTRA and MURRAY, JJ.

PER CURIAM. Defendants[1] appeal by leave granted[2] the trial court's order granting in part and denying in part defendants' motion for a qualified protective order in this medical malpractice action. Defendants argue that the trial court abused its discretion when it imposed certain conditions on the protective order. We agree, and therefore reverse in part and vacate in part the qualified protective order.

Defendants argue that where a qualified protective order is entered to ensure compliance with the Health Insurance Portability and Accountability Act (HIPAA), 42 USC 1320d *et seq.*, it was an abuse of discretion also to require that plaintiffs receive notice of, and an opportunity to attend, ex parte interviews by defense counsel with plaintiff Alexa's treating physicians.[3]

A trial court's decision on discovery motion is reviewed for an abuse of discretion. *Holman v Rasak*, 486 Mich 429, 436; 785 NW2d 98 (2010). Questions of statutory interpretation are reviewed de novo as questions of law. *Id.*

The parties agree that the trial court is authorized to permit ex parte meetings with witnesses, in the inter-

---

[1] Defendants-appellants, B. Najem, M.D., and Huron Valley Pediatrics, P.C., actually filed the application for leave to appeal, and defendants-cross-appellants, Joy Inyang, M.D., Michael Falzon, M.D., and Huron Valley Hospitals, Inc., filed a cross-appeal raising the identical issue raised by defendants-appellants. Defendants-cross-appellants had likewise filed a concurrence with defendants-appellants' motion in the trial court that is the subject of this appeal. Accordingly, we will address the two claims together on appeal.

[2] *Szpak v Inyang*, unpublished order of the Court of Appeals, entered October 16, 2009 (Docket No. 292625).

[3] The protective order actually prohibited *all* ex parte contact with the treating physicians of plaintiffs David Szpak and Michelle Szpak. The trial court has since dismissed the individual claims of David and Michelle, leaving only the claims of Alexa, their daughter. As a result, defendants' challenge to § II of the order concerning the physicians of David and Michelle is now moot.

ests of efficient discovery. Our Supreme Court has recently affirmed this position on facts very similar to the instant case. In *Holman,* the Court stated:

> Ex parte interviews are permitted under Michigan law, and nothing in HIPAA specifically precludes them. Because it is possible for defense counsel to insure that any disclosure of protected health information by the covered entity complies with [HIPAA] by making "reasonable efforts" to obtain a qualified protective order, HIPAA does not preempt Michigan law concerning ex parte interviews. [*Holman,* 486 Mich at 442; see also *G P Enterprises, Inc v Jackson Nat'l Life Ins Co,* 202 Mich App 557, 567; 509 NW2d 780 (1993) (ex parte interviews with treating physicians are generally proper).]

Toward the end of its opinion, the Court concluded that "a trial court retains its discretion under MCR 2.302(C) to issue protective orders and to impose conditions on ex parte interviews." *Holman,* 486 Mich at 447-448. The Court in *Holman,* however, was not asked to consider the validity of any actual conditions imposed on ex parte interviews.

MCR 2.302(C) provides, in relevant part:

> On motion by a party or by the person from whom discovery is sought, and on reasonable notice and for good cause shown, the court in which the action is pending may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Thus, the issue to be resolved is whether there has been a demonstration of good cause requiring the conditions imposed by the trial court on the proposed ex parte interviews, i.e., whether imposition of § I(D). (requiring defendants to give plaintiffs' attorney notice of the time, date and locations of meeting) and § I(E). (allowing plaintiffs' counsel to attend the meetings) of the order was an abuse of discretion.

The protective order in this case was sought by *defendants* in an effort to comply with HIPAA. See *Holman*, 486 Mich at 438-442 (discussing HIPAA requirements and Michigan law). The first part of the protective order—the portion sought by defendants—specifically prohibits defendants from using or disclosing any health information acquired in the covered interviews, as required by HIPAA. See 45 CFR 164.512(e)(1)(v). The additional conditions imposed by the trial court—that plaintiffs' counsel must have notice and may be present at the interviews—were sought by plaintiffs only in response to appellants' motion and have no bearing on the disclosure of health information. Thus, MCR 2.302(C) requires that the additional conditions be justified in their own right.

Plaintiffs argued in the trial court that the treating physicians in this case could be subject to intimidation "when confronted with an Order permitting him or her to meet with Defense counsel." Plaintiffs further argue on appeal that "topics of conversation that could arise in an ex parte conversation are subjects such as malpractice in general, the witness's insurance company, how premiums could rise against all doctors in the event of a verdict, mutual acquaintances, just to name a few." We observe that the specter of intimidation raised by plaintiffs would be theoretically present in any medical malpractice case. Plaintiffs have not identified any facts in *this* case supporting a specific fear that defense counsel would "intimidate" the treating physicians during a voluntary ex parte interview. See *Herald Co v Tax Tribunal*, 258 Mich App 78, 88-89; 669 NW2d 862 (2003) (protective order appropriate to protect trade secrets); *Bloomfield Charter Twp v Oakland Co Clerk*, 253 Mich App 1, 35-36; 654 NW2d 610 (2002) (protective order proper in the absence of any demonstration that proposed discovery is relevant). Further,

plaintiffs have not argued that the interviews sought by defendants are not relevant to the issues in this case, or that there is any specific danger of "annoyance, embarrassment, oppression, or undue burden or expense." MCR 2.302(C). They only argue that there is a generalized danger of intimidation.

Thus, in the words of MCR 2.302(C), there has been no showing that "justice requires" the conditions requested by plaintiffs and imposed by the trial court. Because the trial court's authority to issue a protective order is defined by MCR 2.302(C), the trial court abused its discretion when it imposed the conditions within § I(D) and § I(E) of the order on ex parte interviews with the treating physicians unrelated to compliance with HIPAA, or any related privacy concerns, and in the absence of evidence to support a reasonable concern for intimidation, harassment, and the like. *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007) (error of law may lead to abuse of discretion).[4]

Reversed in part, vacated in part, and remanded for further proceedings. We do not retain jurisdiction.

No costs, neither party having prevailed in full. MCR 7.219(A).

---

[4] Defendants have not challenged any parts of the order other than § I(D) and § I(E), except § II, which is already noted as now moot.