# STATE OF MICHIGAN

# COURT OF APPEALS

RENEE SWAIN,

        Plaintiff-Appellant,

v

MICHAEL MORSE, MARK ZARKIN, and
STEVEN LELLIS ON THE GREEN, LLC,

        Defendants-Appellees.

UNPUBLISHED
August 9, 2018

No. 342410
Oakland Circuit Court
LC No. 2017-158765-CZ

Before: O'BRIEN, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Renee Swain, appeals by leave granted the trial court's February 8, 2018, orders denying, without prejudice, plaintiff's "motion for offer of proof regarding MRE 404(b)." *Swain v Morse*, unpublished order of the Court of Appeals, entered February 20, 2018 (Docket No. 342410). While plaintiff raised allegations against three defendants, Michael Morse, Mark Zarkin, and Steven Lellis on the Green, LLC, the trial court's ruling only pertained to Morse; the trial court restrained plaintiff from asking Morse, during his deposition, about other alleged instances of sexual misconduct. We reverse.

This case arose from an incident at a restaurant in 2017; plaintiff alleges that Morse inappropriately touched her breast while she was taking a "selfie" with him. On appeal, plaintiff contends that the trial court erred when it denied her "motion for offer of proof regarding MRE 404(b)" and thereby prohibited plaintiff from asking Morse about other acts of alleged inappropriate touching. We agree.

"Generally, we review the grant or denial of a discovery motion for an abuse of discretion." *Augustine v Allstate Ins Co*, 292 Mich App 408, 419; 807 NW2d 77 (2011). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *D'Alessandro Contracting Group, LLC v Wright*, 308 Mich App 71, 76; 862 NW2d 466 (2014). "Interpretation of a court rule is a question of law that this Court reviews de novo." *Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002).

"It is well settled that Michigan follows an open, broad discovery policy that permits liberal discovery of any matter, not privileged, that is relevant to the subject matter involved in

the pending case." *Reed Dairy Farm v Consumers Power Co*, 227 Mich App 614, 616; 576 NW2d 709 (1998); see also MCR 2.302(B)(1). "The purpose of discovery is the simplification and clarification of issues." *Domako v Rowe*, 438 Mich 347, 360; 475 NW2d 30 (1991). "[A] trial court should . . . protect the interests of the party opposing discovery so as not to subject that party to excessive, abusive, or irrelevant discovery requests." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 443; 814 NW2d 670 (2012) (quotation marks and citation omitted). However, if a trial court prevents discovery of relevant evidence without a good reason, then it abuses its discretion. See *Szpak c Inyang*, 290 Mich App 711, 715-716; 803 NW2d 904 (2010).

MCR 2.302(B)(1) provides:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of another party, including the existence, description, nature, custody, condition, and location of books, documents, or other tangible things, or electronically stored information and the identity and location of persons having knowledge of a discoverable matter. It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Further, MCR 2.302(C) provides:

On motion by a party or by the person from whom discovery is sought, and on reasonable notice and for good cause shown, the court in which the action is pending may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following orders:

(1) that the discovery not be had;

\* \* \*

(4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters . . . .

Under MRE 401, " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Michigan, these rules, or other rules adopted by the Supreme Court. Evidence which is not relevant is not admissible." MRE 402. "The relevance contemplated in MRE 401 and MRE 402 is logical relevance." *Rock v Crocker*, 499 Mich 247, 256; 884 NW2d 227 (2016).

Generally, "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," unless an exception to that rule applies. MRE 404(a). MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Thus, "[e]ven if logically relevant under MRE 401 and MRE 402, evidence may still be excluded under MRE 404 because MRE 404 is a rule of legal relevance, defined as a rule limiting the use of evidence that is logically relevant." *Rock*, 499 Mich at 256 (quotation marks and citation omitted).

In the context of criminal prosecutions, the Michigan Supreme Court has indicated that "evidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *People v Sabin*, 463 Mich 43, 63; 614 NW2d 888 (2000); see also *Lewis v LeGrow*, 258 Mich App 175, 207; 670 NW2d 675 (2003) (stating that MCR 404(b) applies to civil cases).

Plaintiff contends that the trial court erred when it denied plaintiff's "motion for offer of proof regarding MRE 404(b)" because the trial court improperly applied MRE 404(b) to evidence which had not yet been discovered, and because evidence regarding Morse's other alleged acts would likely be admissible under MRE 404(b) as evidence of Morse's intent to touch plaintiff's breast, or as evidence of a scheme or plan in performing that act.

Plaintiff filed her "motion for offer of proof regarding MRE 404(b)" after the trial court entered a January 9, 2018, protective order that precluded plaintiff from asking Morse "any questions about other acts unrelated to [plaintiff]" during his deposition, and further provided that if plaintiff "desire[d] to bring other acts evidence at a later time, Plaintiff may submit an Offer of Proof to the Court." On January 16, 2018, plaintiff filed her motion, wherein she contended that because Morse denied that he touched plaintiff's breast, "[c]ross examination of Defendant Morse regarding other acts evidence is reasonably calculated to lead to the discovery of testimony that will be admissible under MRE 404(b)." Plaintiff stated that the evidence would likely help to show that Morse's touching of plaintiff's breast was intentional, or that Morse had a common plan or scheme when he touched plaintiff's breast. In a supporting brief, plaintiff set forth allegations made in civil complaints against Morse filed by other women.

For example, one woman worked at Morse's law firm from 2015 to 2017, and she alleged that on one occasion Morse approached her from behind, grabbed her breasts, and then made suggestive comments to her. Another woman alleged that she worked as a bartender at a restaurant during a Christmas party for Morse's law firm, and that during that event, Morse made suggestive comments to her, and ultimately grabbed her buttocks while she was attempting to

navigate a narrow staircase. Yet another woman alleged that she and a group of her friends met Morse at a restaurant in Miami through a mutual friend, that Morse made suggestive comments towards her, and that ultimately, Morse reached into her shirt and grabbed her breasts while she and Morse were traveling in a vehicle with her friends.

In denying plaintiff's motion, the trial court stated that plaintiff had not shown admissibility and that she needed to show "some special quality or circumstance of the bad act tending to prove what are the [MRE] 404(B) [sic] exceptions."

Plaintiff argues that the trial court erred when it considered MRE 404(b) in the context of a discovery request because the admissibility of the requested evidence at trial cannot be determined until that evidence has actually been discovered. As noted, MCR 2.302(B)(1) states: "It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." However, the trial court expected plaintiff to set forth a *fully-formed* theory of admissibility for evidence that had not been adequately discovered and could not be adequately discovered under the protective order.[1] The trial court essentially decided that evidence of other alleged sexual assaults or misconduct is not fully discoverable until plaintiff presents a fully-formed theory of logical relevance and admissibility. This, to use a common phrase, involved "putting the cart before the horse." By way of the other women's statements, by way of caselaw and the court rules, and by way of her arguments, plaintiff set forth an adequate offer of proof showing that "the information sought appears *reasonably likely* to lead to the discovery of admissible evidence." *Id*. (emphasis added). For example, questioning of Morse could potentially lead to the demonstration of further similarities among the various acts. By preemptively curtailing plaintiff's discovery into Morse's other alleged acts of sexual assault, the trial court restricted plaintiff's ability to discover potentially admissible evidence. Accordingly, we reverse the denial of plaintiff's motion and vacate the protective order.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Patrick M. Meter
/s/ Michael J. Riordan

---

[1] We note that during Morse's deposition on January 17, 2018, certain questioning of him about other alleged instances of sexual misconduct was halted as a result of the protective order. Morse points out that the deposition took place while the trial court had explicitly made itself available to rule on specific objections and argues that plaintiff failed to take advantage of this availability, but it was not unreasonable for plaintiff to instead seek a broad discovery ruling in conjunction with her offer of proof, which was filed the day after the deposition.