*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARK SMITH,

       Plaintiff-Appellant,

v

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

       Defendant-Appellee.

UNPUBLISHED
December 26, 2019

No. 344023
Wayne Circuit Court
LC No. 17-010415-NF

Before: FORT HOOD, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant. We affirm.

## I. FACTUAL BACKGROUND

In October 2016, plaintiff visited his doctor, Dr. Mohamed Ayad, twice complaining of "chronic" and "acute" back and neck pain. Then, on November 5, 2016, plaintiff was involved in an automobile accident that, plaintiff alleges, injured plaintiff's back, neck, and shoulder. On April 7, 2017, plaintiff filed an application with defendant, the Michigan Automobile Insurance Placement Facility, for personal protection insurance (PIP) benefits. In this application, plaintiff indicated that he did not have any preexisting conditions and did not seek treatment for such conditions before the November 5, 2016 accident. In a deposition taken on December 6, 2016, when asked if he experienced any problems with his back, shoulder, or neck before the November 5, 2016 accident, plaintiff responded "no," and stated only that he experienced some soreness in his neck before the accident that the doctor indicated was from sleeping on it wrong. When defense counsel was confirming during the deposition that plaintiff had never received treatment on his back, shoulder, or neck before the accident, plaintiff responded, "correct." Plaintiff then explained that he did see Dr. Ayad before the accident, but only for general health checkups. Plaintiff's medical records from Dr. Ayad, however, show that plaintiff visited Dr. Ayad for "chronic" and "acute" back and neck pain, that he had been diagnosed with cervicalgia,

and had received a Toradol injection and had x-rays done of his cervical, lumbar, and sacral spine.

Defendant did not assign plaintiff's claim to an insurer for PIP benefits after reviewing plaintiff's medical records, claiming that he committed fraud when he indicated on his application that he did not have neck and back issues before the accident. Plaintiff then filed a complaint in Wayne Circuit Court, contending that defendant unreasonably and unlawfully neglected to assign an insurer to pay plaintiff his requested PIP benefits. Defendant filed a motion for summary disposition under MCR 2.116(C)(10), arguing that, by denying experiencing or receiving treatment for back pain before the accident, plaintiff submitted false statements in support of his application for benefits and was therefore not eligible to receive benefits. Plaintiff filed a response arguing that arguing that he did not knowingly or intentionally misrepresent information in his benefits application, and instead, had simply forgotten to mention his prior injuries. At the hearing on defendant's motion, the trial court stated, "[i]t appears to the court that it's outside the realm of credibility that a person would be unable to recall being treated for back pain a mere month before the accident which resulted in claims of back pain." The trial court subsequently granted defendant's motion for summary disposition.

On appeal, plaintiff again contends that defendant did not establish that he knowingly made misrepresentations on his application for PIP benefits because he did not do so intentionally, but rather, forgot about his prior injuries. Plaintiff contends in the alternative that whether he knowingly provided false information is immaterial to his claim for PIP benefits because an accident that aggravates a preexisting condition is still compensable. Plaintiff lastly argues that the trial court erred in making a credibility determination at the summary disposition stage. We disagree.

## II. STANDARD OF REVIEW

"This Court reviews a trial court's ruling on a motion for summary disposition de novo." *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 11; 930 NW2d 393 (2018). This Court must review the evidence and all reasonable inferences drawn from it to decide whether a genuine issue of material fact exists. *Id*. at 11-12. "A motion under MCR 2.116(C)(10) . . . tests the *factual sufficiency* of a claim." *El-Khalil v Oakwood Healthcare, Inc*, ___ Mich ___, ___; ___ NW2d ___ (2019) (Docket No. 157846); slip op at 7. "A motion brought under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (citation and quotation marks omitted). "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties . . . in the light most favorable to the party opposing the motion." *Sprague v Farmers Ins Exchange*, 251 Mich App 260, 264; 650 NW2d 374 (2002) (citation and quotation marks omitted). This Court, reviewing a motion under MCR 2.116(C)(10), considers "[t]he relative strength of the evidence offered by plaintiff and defendant[] . . . ." *El-Khalil*, ___ Mich at ___; slip op at 9.

The party bringing the motion for summary disposition has the initial burden of supporting its argument by affidavits, depositions, admissions or other documentary evidence.

*Sprague*, 251 Mich at 264. The burden then shifts to the party opposing the motion, who must then establish that a genuine issue of material fact exists, and the opposing party must go beyond mere allegations or denials, and establish specific facts demonstrating a triable issue of fact. *Id*. "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id*.

In the trial court, plaintiff did not raise one of the arguments that he now maintains on appeal: that his current injuries are aggravations of preexisting injuries due to the accident. That argument is not preserved on appeal because it was not "raised in and decided by the trial court." *Pugno*, 326 Mich App at 10. Unpreserved issues are reviewed on appeal for plain error. *Bennett v Russell*, 322 Mich App 638, 642; 913 NW2d 364 (2018) (footnote omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re Smith Trust*, 274 Mich App 283, 285-286; 731 NW2d 810 (2007) (citation and quotation marks omitted). " '[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings.' " *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (citation omitted). Finally, issues of statutory interpretation are also reviewed de novo. *Szpak v Inyang*, 290 Mich App 711, 713; 803 NW2d 904 (2010).

## III. ANALYSIS

There was no evidence presented that created a genuine issue of material fact regarding whether plaintiff simply forgot about his previous injuries. It is not enough to merely assert allegations in a brief to successfully establish a genuine issue of fact. *Sprague*, 251 Mich at 264. Further, whether plaintiff's injuries are the result of the accident or were preexisting and aggravated thereafter was material to defendant's determination of whether to award plaintiff benefits, since its award of benefits would depend principally on when and to what extent plaintiff began suffering from his injuries. MCL 500.3105; MCL 500.3107. Finally, the trial court did not err in stating that plaintiff's claim was "outside the realm of credibility" because there was nothing to suggest a genuine issue of material fact.

Because plaintiff was not insured at the time of the accident, he sought benefits through the Michigan Assigned Claims Plan, which is facilitated by defendant. *Candler v Farm Bureau Mutual Insurance Company of Michigan*, 321 Mich App 772, 775; 910 NW2d 666 (2017), citing MCL 500.3171(2). When defendant refused to assign plaintiff's claim to an insurer, it did so based on the language in MCL 500.3173a(4),[1] which provides:

> A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the Michigan automobile insurance placement facility, or to an insurer to which the claim is assigned under the assigned claims plan, for payment or another

---

[1] Prior to the June 11, 2019 amendment to this statute, this subsection was codified as MCL 500.3173a(2). MCL 500.3173a as amended by 2019 PA 21.

-3-

benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under section 4503 that is subject to the penalties imposed under section 4511. A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment of personal protection insurance benefits under the assigned claims plan.

In *Candler*, we explained that a "fraudulent insurance act" under MCL 500.3173a occurs when:

> (1) the person presents or causes to be presented an oral or written statement, (2) the statement is part of or in support of a claim for no-fault benefits, and (3) the claim for benefits was submitted to the MAIPF. Further, (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim. [*Candler*, 321 Mich App at 779-780 (footnote omitted).]

It is undisputed that plaintiff presented to defendant oral and written statements in support of his no-fault claim that indicated that plaintiff did not have pain prior to the accident. It also undisputed that those statements were not accurate. Plaintiff's argument on appeal specifically hinges, however, on elements (4) and (5) of the above test for a fraudulent insurance act—plaintiff argues that his misstatements were not done knowingly and were not material to his claim. Regarding the knowing element, plaintiff argues that, while he did make misstatements concerning his prior medical history, they were not done knowingly because of the form of questions he was asked and because approximately six months had passed between his prior medical visits and his application for benefits. Regarding the materiality argument, plaintiff asserts that whether he misspoke regarding his previous medical history does not matter because the accident aggravated any prior injuries he suffered. We conclude that both arguments are without merit.

As both parties indicate in their briefs, there are few published cases interpreting the relevant statute, MCL 500.3173a. However, the requirements for a fraudulent insurance act in no-fault cases not implicating MCL 500.3173a are of guidance, the only difference being that, in those cases, defendant had already referred the insurance claim to an insurance provider where here, defendant did not. In cases not implicating MCL 500.3173a, we have held that, to establish fraud, an insurer is required to show that:

> (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it. A statement is material if it is reasonably relevant to the insurer's investigation of a claim. [*Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 424-425; 864 NW2d

-4-

609 (2014),[2] citing *Mina v Gen Star Indemnity Co*, 218 Mich App 678, 686; 555 NW2d 1 (1996), rev'd in part on other grounds 455 Mich 866 (1997) (quotation marks omitted)].

One makes a knowing false statement when they have knowledge that the statement is false, or when the statement is made recklessly even without knowledge of the truth. *Bahri*, 308 Mich App at 425.

Plaintiff complained of back and neck pain, which was characterized as "chronic" and "acute," six months before he filed the application seeking benefits. He was prescribed medications for this pain and did not indicate that he had stopped taking the medication before his application for benefits was submitted. Plaintiff did not state in his deposition that he went to the doctor before the accident for neck and back pain, but merely forgot by the time he applied for benefits—rather, he stated only that he visited the doctor for regular checkups and mild neck pain from sleeping wrong. There is no evidence in the record that plaintiff merely forgot to mention his prior injuries and doctor visits—such is only stated in his brief on appeal. In his deposition, plaintiff denies having had the previous pain altogether. While plaintiff asserts that he did not know he was misstating information on the application, the trial court determined there was no genuine issue of material fact regarding whether plaintiff knowingly—meaning with knowledge the information was false or with reckless disregard for the truth—provided false information on his application.

After having determined on the basis of the facts in evidence that defendant had satisfied its burden by showing that there were no issues of material fact as to whether plaintiff committed a fraudulent act, the court correctly noted that the burden shifted to plaintiff to establish with evidence that an issue of fact existed. Plaintiff did not submit an affidavit or other evidence in response to defendant's allegation in its motion for summary disposition that plaintiff knowingly misrepresented information in his application. "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Sprague*, 251 Mich at 264. With all of that in mind, given the evidence submitted, including medical records and deposition testimony from plaintiff, we conclude that the trial court correctly determined that reasonable minds could not differ regarding whether plaintiff knowingly provided false information on his application.

Plaintiff also argues, however, that the alleged false information he provided was not material to his claim. "A statement is material if it is reasonably relevant to the . . . investigation of a claim." *Mina*, 218 Mich App at 686-687. Plaintiff argues, without supporting evidence, that his injuries aggravated his preexisting condition. Ordinarily, a claimant may recover no-fault

---

[2] In *Candler*, this Court stated in a footnote that *Bahri* did not apply because the ruling in *Bahri*, stating that "fraudulent acts can bar the recovery of all PIP benefits," was "predicated on the interpretation and application of an insurance policy contract that contained a fraud exclusion . . . ," and in *Candler*, there was no insurance policy contract to begin with. *Candler*, 321 Mich App at 780 n 6. However, the definition of fraud articulated in *Bahri* is of guidance, even though the alleged fraud here does not implicate an insurance policy contract.

benefits if he can prove that the relevant accident aggravated a preexisting condition. *Mollitor v Associated Truck Lines*, 140 Mich App 431, 438; 364 NW2d 344 (1985). However, again, plaintiff did not provide evidence of a preexisting condition, let alone an aggravation of that condition. In fact, he initially denied having any significant pain in his back or neck prior to the accident. Even if plaintiff did provide evidence of a preexisting condition, however, the condition or injuries would still be material to his claim as that information would determine when his injury started, the level of injury he suffered before the accident, to what extent it was aggravated, and whether his claim through defendant could be accepted or denied. His alleged fraud was material because it was pivotal to whether his claim could be accepted, with or without a preexisting condition. Accordingly, although plaintiff failed to raise this argument below and thus, the trial court made no explicit conclusions concerning materiality, we cannot see any error in the court's implicit conclusion that the alleged fraud was material to plaintiff's claim.

Finally, plaintiff argues that the trial court erred in making a determination as to his credibility at the motion hearing. "The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes . . . ." *Hastings Mutual Ins Co v Grange Ins Co of Mich*, 319 Mich App 579, 583-584; 903 NW2d 400 (2017) (citation and quotation marks omitted). Still, the trial court considers the pleadings, depositions, and affidavits to make a determination regarding whether there is an issue upon which reasonable minds might differ. *Bahri*, 308 Mich App at 423. Here, the trial court made a determination as to whether reasonable minds could differ based on the facts presented. As noted above, there was no evidence in the record that plaintiff merely forgot to mention his previous injuries after being asked about them multiple times, but rather, plaintiff denied them altogether. When the trial court stated, "[i]t appears to the court that it's outside the realm of credibility that a person would be unable to recall being treated for back pain a mere month before the accident which resulted in claims of back pain[,]" it was not weighing plaintiff's credibility, as plaintiff argues—rather, it was making a determination regarding whether reasonable minds might differ in light of the record evidence. Thus, we discern no error with respect to credibility in the trial court's determination.

## IV. CONCLUSION

The trial court did not err in granting summary disposition to defendant because there were no genuine issues of fact regarding whether plaintiff made a material misrepresentation on his application for PIP benefits, which constituted a fraudulent insurance act and rendered plaintiff ineligible for benefits.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra