*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA SAMPSON,

        Plaintiff-Appellee,

v

SHOREPOINTE NURSING CENTER, also
known as WBH NCC #1, LLC,

        Defendant,

and

GREAT LAKES PHYSIATRISTS, PC, and
ANTHONY FEMMININEO, M.D.,

        Defendants-Appellants.

UNPUBLISHED
July 16, 2020

No. 346927
Macomb Circuit Court
LC No. 2018-003328-NH

Before: GLEICHER, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

In this medical malpractice action, defendants sought a qualified protective order (QPO) in connection with their desire to conduct ex parte interviews of plaintiff's treating physicians. Defendants, Great Lakes Physiatrists, PC and Anthony Femminineo, MD (defendants), appeal by leave granted the order of the trial court, challenging the notice condition the trial court included in the QPO it ultimately entered. We vacate the notice condition in the QPO, and remand for further proceedings.

## I. FACTS

In 2016, plaintiff underwent treatment with defendants after foot surgery. Plaintiff thereafter initiated this lawsuit against defendants and Shorepointe Nursing Center (Shorepointe),[1]

---

[1] Defendant Shorepointe Nursing Center, also known as WBH NCC #1, LLC, is not a party to this appeal.

asserting that defendant failed to provide proper and necessary medical treatment of an epidural abscess.

Shorepointe, joined by defendants, moved to dismiss the complaint or, in the alternative, for a QPO compliant with the Health Insurance Portability and Accountability Act (HIPAA), 42 USC 1320d *et seq*., to permit defendants to conduct ex parte interviews with plaintiff's healthcare providers. Plaintiff requested that the trial court deny the motion for a QPO, or, in the alternative, to impose a condition in the QPO requiring that defense counsel provide notice to plaintiff after an ex parte interview stating the date of the interview and the identity of the healthcare provider with whom defense counsel met. The trial court entered a QPO, and included the notice condition.

## II. DISCUSSION

Defendants contend that the trial court abused its discretion by including a notice condition in the QPO. We agree.

We review a trial court's decision on a motion for a protective order for an abuse of discretion. *Holman v Rasak*, 486 Mich 429, 448 n 10; 785 NW2d 98 (2010). A trial court abuses its discretion when its decision "falls outside the range of reasonable and principled outcomes." *Id*. A trial court also abuses its discretion when it errs as a matter of law. See *Gay v Select Specialty Hosp*, 295 Mich App 284, 294; 813 NW2d 354 (2012). We review de novo the interpretation of the court rules. *Muci v State Farm Mut Auto Ins Co*, 478 Mich 178, 187; 732 NW2d 88 (2007).

In this case, the parties agree that the trial court was authorized to issue a QPO allowing defendants to conduct ex parte interviews with plaintiff's healthcare providers. Indeed, the general ability of defense counsel to interview a plaintiff's treating physician(s) in a medical malpractice case has long been recognized. See *Domako v Rowe*, 438 Mich 347, 360-361; 475 NW2d 30 (1991). In *Holman*, our Supreme Court imposed the requirement of a QPO to protect patient privacy in this context, and recognized the trial court's ability to place conditions on the conduct of ex parte interviews, as justice requires. Our Supreme Court in *Holman* stated:

> Ex parte interviews are permitted under Michigan law, and nothing in HIPAA specifically precludes them. Because it is possible for defense counsel to insure that any disclosure of protected health information by the covered entity complies with [HIPAA] by making "reasonable efforts" to obtain a qualified protective order, HIPAA does not preempt Michigan law concerning ex parte interviews. [*Id*. at 442.]

Although ex parte interviews are permissible, a trial court has discretion under MCR 2.302(C) to issue a qualified protective order, and to impose conditions on ex parte interviews. *Holman*, 486 Mich at 447-448. MCR 2.302(C) provides, in pertinent part:

> On motion by a party or by the person from whom discovery is sought, and on reasonable notice and for good cause shown, the court in which the action is pending may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Additional conditions imposed by the trial court under MCR 2.302(C) must be "justified in their own right." *Szpak v Inyang*, 290 Mich App 711, 715; 803 NW2d 904 (2010). In *Szpak*, a case very close to the one at hand, the medical defendants sought a QPO that complied with the requirements of HIPAA; the QPO "prohibit[ed] defendants from using or disclosing any health information acquired in the covered interviews . . . ." *Id*. The trial court, however, imposed additional conditions in the QPO that had no bearing on the disclosure of health information, requiring that the plaintiffs' counsel be given notice of the ex parte interviews and allowing plaintiffs' counsel to attend the interviews.

On appeal to this Court, the plaintiffs in *Szpak* asserted the need for the conditions, arguing that the treating physicians could be subject to intimidation "when confronted with an Order permitting him or her to meet with Defense counsel," and further arguing that "topics of conversation that could arise in an ex parte conversation are subjects such as malpractice in general, the witness's insurance company, how premiums could rise against all doctors in the event of a verdict, mutual acquaintances, just to name a few." *Id*. at 715. This Court determined that the plaintiffs' arguments advocating the need for the conditions did not establish that justice required the conditions. The plaintiffs did not identify any facts that supported their fear of intimidation, and this Court noted that the plaintiffs' fears of intimidation "would be theoretically present in any medical malpractice case." *Id*. at 715. This Court further held that the plaintiffs did not establish that the interviews sought were not relevant nor that there was any specific danger of " 'annoyance, embarrassment, oppression, or undue burden or expense.' " *Id*. at 716, quoting MCR 2.302(C). The Court vacated the conditions within the QPO that were not supported by "a reasonable concern for intimidation, harassment, and the like." *Szpak*, 290 Mich App at 716.

In this case, plaintiff does not dispute that informal discovery, including ex parte witness interviews, is permitted under our liberal rules of discovery. Indeed, this issue came before the trial court only because it involves the use of plaintiff's protected health information, which requires entry of a QPO to ensure compliance with HIPPA. Defendants sought the QPO in this case to permit them to conduct informal discovery, in the form of ex parte witness interviews, as they would be permitted to do in any other type of litigation. But plaintiff's counsel in turn sought to hijack the request for a QPO to obtain something counsel would not otherwise be entitled to, other than through normal discovery mechanisms—the identity of plaintiff's healthcare providers that defendants' counsel informally interviewed, and the dates of the interviews. Plaintiff contends that the notice condition is necessary to avoid imposing upon her the burden and expense of finding out about the ex parte witness interviews through traditional discovery mechanisms.

Although "a trial court retains its discretion under MCR 2.302(C) to issue protective orders and to impose conditions on ex parte interviews," *Holman*, 486 Mich at 447-448, the imposition of conditions requires a showing under the court rule that justice requires the condition to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Szpak*, 290 Mich App at 714, quoting MCR 2.302(C). Where a plaintiff seeks the conditions "only in response to appellants' motion and [they] have no bearing on the disclosure of health information," the court rule requires "that the additional conditions be justified in their own right." *Id*. at 715. Here, there has been no showing that justice requires the conditions sought, and the trial court abused its discretion in imposing them. Indeed, following our decision in *Szpak*, this

Court has in previous cases peremptorily ordered the removal of conditions requiring the same post-meeting notice imposed in this case.[2]

In *Szpak*, this Court determined that the plaintiffs' generalized concerns about witness intimidation "would be theoretically present in any medical malpractice case" and that "[p]laintiffs have not identified any facts in *this* case supporting a specific fear that defense counsel would 'intimidate' the treating physicians during a voluntary ex parte interview." *Id*. at 715. Here, plaintiff's rationale for imposition of the conditions is that her counsel might find it burdensome to undertake ordinary mechanisms of discovery to determine when and with whom ex parte interviews took place, particularly given the likelihood that defendants will assert the work product privilege in denying the requested information. It is essentially an argument for convenience. But we cannot agree that an ordinary discovery request, and the assertion of a privilege in response to the request, is an undue burden on plaintiffs in this, or in any other, case.

The sending of interrogatories and the assertion of various privileges in response thereto are ordinary incidents of litigation. The requirement in this case, dictated by federal privacy laws, that defendants obtain a QPO does not suddenly render the typical discovery process so unendurable as to be an affront to justice in this case, and the fact defendants must seek a QPO in this context does not entitle plaintiffs to something they would not otherwise receive in the ordinary course of a case not involving protected health information. As this Court observed in *Szpak*, plaintiff's concerns about burdensome discovery "would be theoretically present in any . . . case." *Id*. at 715.[3] Accommodating plaintiff's wishes for the sake of convenience does not mean that "justice requires" the accommodation.

---

[2] See, e.g., *Estate of William Durst v Farid Fata MD*, unpublished order of the Court of Appeals, entered December 8, 2014 (Docket No. 323039) ("In lieu of granting leave to appeal, pursuant to MCR 7.205(E)(2), the Court orders that the Oakland Circuit Court's decision to include paragraph (e) in its July 14, 2014 qualified protective order is REVERSED and the language of paragraph (e) requiring disclosure to opposing counsel of a party's contact with the decedent's treating physicians is STRICKEN from the qualified protective order. *Szpak v Inyang*, 290 Mich App 711; 803 NW2d 904 (2010)."); and see also *Balluff v Fatt*, unpublished order of the Court of Appeals, entered October 25, 2018 (Docket No. 344566) ("In lieu of granting the application for leave to appeal, the Court orders, pursuant to MCR 7.205(E)(2), that the June 18, 2018 order of the Wayne Circuit Court is VACATED IN PART. Plaintiff simply has not shown why justice requires the 14-day post-meeting notice condition set by the circuit court. *Szpak v Inyang,* 290 Mich App 711; 803 NW2d 904 (2010). Accordingly, that condition is STRICKEN from the order. Plaintiff's desire for notice may be accomplished through discovery. The case is REMANDED to the circuit court for further proceedings consistent with this order.")

[3] Having resolved this matter in defendants' favor, it is unnecessary to reach defendants' additional argument that the identities of the healthcare providers are protected by the work-product doctrine. We note that the issue is not identified in defendants' brief in the statement of questions involved on appeal. MCR 7.212(C)(5); *Henderson v Dep't of Treasury*, 307 Mich App 1, 30; 858 NW2d 733 (2014) (issues must be raised in the statement of questions involved to be properly presented

The portion of the QPO pertaining to the notice condition is vacated. We remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Anica Letica

for this Court's review). Moreover, because that issue was not determined by the trial court, the issue is not preserved for review by this Court. See *Elahham v Al-Jabban*, 319 Mich App 112, 119; 899 NW2d 768 (2017) (to be preserved for review by this Court, an issue generally must be raised before, addressed by, and decided by the trial court). This Court's usual practice is to decline to decide issues for the first time on appeal, and instead to leave such issues to be analyzed and ruled upon by the trial court in the first instance. See *Jawad A. Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 194, 210; 920 NW2d 148 (2018). Where, as here, determination of the issue is not necessary to the resolution of this case, we decline to reach it.