*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LUCIOUS CONWAY,

          Plaintiff-Appellant,

v

PAUL BENSON, D.O., COLIN DOE, P.A., also
known as COLIN COLTER, P.A., and BE WELL
MEDICAL CENTER,

          Defendants-Appellees.

UNPUBLISHED
March 23, 2023

No. 360250
Wayne Circuit Court
LC No. 21-008572-NO

Before: PATEL, P.J., and SWARTZLE and HOOD, JJ.

PER CURIAM.

Plaintiff visited the Be Well Medical Center for medical treatment, and Dr. Paul Benson prescribed plaintiff certain medications that made plaintiff ill. Plaintiff sued for medical malpractice without filing an affidavit of merit. Defendants moved for a protective order as well as summary disposition, both of which were granted by the trial court. We affirm.

Plaintiff required medical treatment for his complex medical history, and he told Colin Colter, Dr. Benson's assistant, that he had not been taking his prescribed medication to treat his medical conditions for more than two years. Upon performing an examination, it was discovered that plaintiff's immune system was dangerously weak. Dr. Benson wrote prescriptions for plaintiff to begin a rapid course of treatment. After ingesting the treatment, plaintiff started to uncontrollably vomit and he required emergency care for sepsis as well as respiratory failure.

Plaintiff filed the instant suit, claiming that defendants had committed medical malpractice by prescribing him medications that allegedly brought about a medical emergency. Plaintiff did not file an affidavit of merit with his complaint. In lieu of answering, defendants moved for summary disposition under MCR 2.116(C)(10) to argue that plaintiff's failure to submit an affidavit of merit was fatal to his complaint. Plaintiff responded that his complaint sounded in ordinary negligence.

Defendants also moved for a protective order to stay discovery while the trial court decided the motion for summary disposition. The trial court granted defendants the protective order,

stating that plaintiff could not rely on discovery to create a sufficient basis for his complaint. Further, the trial court granted defendants summary disposition because plaintiff's claims sounded in medical malpractice and he failed to file an affidavit of merit with his complaint.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

When determining whether a claim sounds in ordinary negligence or medical malpractice, a reviewing court must determine "(1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience." *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 422; 684 NW2d 864 (2004). "If both of these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions." *Id*. "A professional relationship exists if a person or an entity capable of committing medical malpractice was subject to a contractual duty to render professional healthcare services to the plaintiff." *Kuznar v Raksha Corp*, 481 Mich 169, 177; 750 NW2d 121 (2008). The claim raises questions of medical judgment when "the reasonableness of the action can be evaluated by a jury only after having been presented the standards of care pertaining to the medical issue before the jury [as] explained by experts." *Bryant*, 471 Mich at 423.

In this case, the treatment that plaintiff was prescribed required medical knowledge of his complex medical history. Further, the reasonableness of prescribing plaintiff those medications can only be evaluated when considering whether providers with the same expertise would have prescribed the same treatment given plaintiff's complex medical history.

Plaintiff argues that his claim sounded in ordinary negligence because he was not informed about the side-effects of the medications and defendants were deliberately indifferent to the consequences of the side-effects. Plaintiff did not raise the issue of deliberate indifference in the trial court, however, and this issue is not preserved for appellate review. "Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a failure to timely raise an issue waives review of that issue on appeal." *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (cleaned up). "By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually." *Id*. at 388. "Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention." *Id*. Thus, because plaintiff failed to raise this argument in the trial court, it is waived and we decline to consider it.

Given the medical knowledge needed to understand the treatment plaintiff required, plaintiff's complaint sounds in medical malpractice. MCL 600.2912d(1) requires that "the plaintiff in an action alleging medical malpractice ... shall file with the complaint an affidavit of

merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169]." To properly commence a medical malpractice suit, a plaintiff is required to file both a complaint and an affidavit of merit. *Zarzyski v Nigrelli*, 337 Mich App 735, 741; 976 NW2d 916 (2021). Plaintiff failed to file an affidavit of merit, and the trial court did not err when it granted defendants summary disposition because MCL 600.2912d(1) required plaintiff to file that affidavit.

Lastly, plaintiff argues that the trial court erred in granting defendants a protective order, that stayed discovery until defendants' motion for summary disposition had been decided, because discovery would have provided plaintiff the ability to defend that his complaint sounded in ordinary negligence.

This Court reviews "a trial court's decision to grant or deny discovery for abuse of discretion," *Mercy Mt Clemens Corp v Auto Club Ins Ass'n*, 219 Mich App 46, 50; 555 NW2d 871 (1996), as well as a trial court's decision to issue a protective order, *In re Pott*, 234 Mich App 369, 373; 593 NW2d 685 (1999). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006).

MCR 2.302(C) states, in pertinent part:

> On motion by a party or by the person from whom discovery is sought, and on reasonable notice and for good cause shown, the court in which the action is pending may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following orders:
>
> (1) that the discovery not be had;
>
> (2) that the discovery may be had only on specified terms and conditions . . .

Thus, any limitations on discovery through a protective order must be shown to be necessary to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Szpak v Inyang*, 290 Mich App 711, 714-716; 803 NW2d 904 (2010). "In the context of our court rules, [g]ood cause simply means a satisfactory, sound or valid reason," and "a trial court has broad discretion to determine what constitutes 'good cause.'" *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 264; 833 NW2d 331 (2013) (cleaned up).

Plaintiff argues that discovery was necessary to uncover whether defendants' policies required them to provide informed consent regarding the treatment that he was prescribed, and whether or not defendants breached that duty to provide informed consent was paramount to supporting his contention that his claim sounded in ordinary negligence. Underlying plaintiff's argument, however, is the contention that medical knowledge was required to understand the side-

effects of the treatment that he was prescribed and that those treatments would require informed consent. Thus, the trial court did not abuse its discretion in granting the protective order.

Affirmed. Defendants, as the prevailing parties, may tax costs under MCR 7.219.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Noah P. Hood