*In re* EGBERT R SMITH TRUST

Docket No. 269549. Submitted October 4, 2006, at Detroit. Decided February 15, 2007, at 9:00 a.m. Leave to appeal granted, 479 Mich ___.

Glen and Dale Phillips petitioned the Sanilac County Probate Court for specific performance of their right of first refusal contained in a lease between the petitioners and the original trustee of the Egbert R. Smith Trust. The petitioners and the respondent, Betty Homer, who is the successor trustee, moved for summary disposition. The court, David L. Clabuesch, J., denied the petitioners' motion and granted summary disposition for the respondent, concluding that the respondent had revoked the offer to sell. The petitioners appealed.

The Court of Appeals *held*:

The probate court erred by granting summary disposition to the respondent and denying summary disposition to the petitioners. The petitioners had a right of first refusal under the lease. When the respondent notified the petitioners of a third party's bona fide offer to purchase the property, their right of first refusal transmuted into an option. An option is not revocable for the period specified in the option. The consideration for the lease also provided sufficient consideration to support the option. The plain language of the lease did not provide for termination of the option by any means other than the petitioners' failure to exercise it within 30 days after the respondent presented the bona fide offer. Thus, the probate court erred by ruling that the respondent's attempted revocation of the tender of the option terminated the option. The probate court improperly read into the lease provision language allowing for a termination of the option by revocation.

Reversed and remanded for entry of judgment in the petitioners' favor.

CONTRACTS — OPTIONS — LANDLORD AND TENANT — RIGHTS OF FIRST REFUSAL.

A right of first refusal to purchase property transmutes into an option upon notification of a third party's bona fide offer to purchase the property, and the option is irrevocable for the period specified by the contract.

*Clark & Clark, P.C.* (by *Donald J. Clark*), for Glen and Dale Phillips.

*Paterson and Paterson* (by *John S. Paterson*) for Betty Homer, trustee of the Egbert R. Smith Trust.

Before: HOEKSTRA, P.J., and METER and DONOFRIO, JJ.

METER, J. In this proceeding for specific performance of a right of first refusal contained in a lease agreement, petitioners appeal as of right from a probate court order denying their motion for summary disposition and granting summary disposition to respondent. The trial court concluded that respondent was not obligated to sell the property to petitioners because she revoked her offer to sell. We reverse.[1]

We review de novo a lower court's decision with regard to a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). It appears that the probate court denied summary disposition to petitioners and granted summary disposition to respondent under MCR 2.116(C)(10), because the court relied on documentary evidence, specifically the parties' lease. A motion for summary disposition under MCR 2.116(C)(10) is properly granted if no factual dispute exists, thus entitling the moving party to judgment as a matter of law. *Rice v Auto Club Ins Ass'n*, 252 Mich App 25, 31; 651 NW2d

---

[1] We disagree with respondent's argument that this Court lacks jurisdiction over this appeal. Petitioners' motion for reconsideration was filed in the probate court within the 21-day period prescribed in MCR 7.204(A)(1)(b). Because MCR 7.204(A)(1)(b) is more specific than MCR 2.119(F), on which respondent relies, MCR 7.204(A)(1)(b) controls over the more general rule. See, generally, *Kemerko Clawson, LLC v RxIV Inc*, 269 Mich App 347, 351; 711 NW2d 801 (2005). Petitioners' claim of appeal was timely filed, and respondent's jurisdictional challenge lacks merit.

188 (2002). In deciding a motion under MCR 2.116(C)(10), a court considers all the affidavits, pleadings, and admissions and considers the evidence in the light most favorable to the nonmoving party. *Id.* at 30-31. The nonmoving party must present more than mere allegations to establish a genuine issue of material fact for resolution at trial. *Id.* at 31.

In addition, this case involves the interpretation of a contract. The proper interpretation of a contract is a question of law that this Court reviews de novo. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003). In interpreting a contract, this Court's obligation is to determine the intent of the parties. *Quality Products & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003). This Court must examine the language of the contract and accord the words their ordinary and plain meanings, if such meanings are apparent. *Wilkie, supra* at 47. If the contractual language is unambiguous, courts must interpret and enforce the contract as written. *Quality Products, supra* at 375. "Thus, an unambiguous contractual provision is reflective of the parties' intent as a matter of law." *Id.*

We first address respondent's argument that petitioners failed to comply strictly with the terms of the lease because they did not include the cash purchase price with the tender of their acceptance of the offer to sell.[2] Because this argument was not raised in the trial court, it is not preserved. Thus, our review is limited to determining whether a plain error occurred that affected substantial rights. *Veltman v Detroit Edison Co*, 261 Mich App 685, 690; 683 NW2d 707 (2004). " 'To avoid forfeiture under the plain error rule, three re-

---

[2] We note that respondent was not required to file a cross-appeal to assert an alternative basis for affirmance in this Court. *VandenBerg v VandenBerg*, 253 Mich App 658, 663; 660 NW2d 341 (2002).

quirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights.' " *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000), quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Respondent has failed to show a plain error affecting substantial rights, because any error that occurred was not plain or obvious. This conclusion is supported by respondent's July 28, 2004, letter to petitioners, which stated as follows:

> Pursuant to the lease, it is required that you have the right to match any bona fide offer presented. This letter is to inform you that Ms. Homer has a signed purchase agreement with the offer of $225,000 for the farm. You must notify our office of your decision to exercise your option within 30 days. The thirty days will expire on August 30, 2004. Your offer will be referred to Ms. Homer for her review and final decision. Upon the expiration of that time period, Ms. Homer will be selling the farm.

Respondent's letter stated that petitioners had to notify respondent of their "decision to exercise [the] option within 30 days." It did not require anything further—such as the tender of the purchase price that respondent now argues was essential to the exercise of petitioners' right of first refusal—within the 30-day time frame. Thus, respondent's own correspondence indicates that the alleged error was not plain or obvious, which is required to avoid forfeiture under the plain-error rule. *Kern, supra* at 336. Respondent's correspondence reveals that petitioners could exercise the right of first refusal by notifying respondent of their intent to purchase the property. Accordingly, we conclude that respondent has forfeited this appellate challenge.

Petitioners argue that, under the terms of the lease, respondent could not revoke her offer to sell during the 30-day period specified in the lease. We agree. Respondent suggests that this case involves nothing more than an offer that was revoked before its acceptance, and she correctly cites *Bd of Control of Eastern Michigan Univ v Burgess*, 45 Mich App 183, 186; 206 NW2d 256 (1973), for the proposition that an offer may be revoked at any time before it is accepted. However, respondent over-simplifies the circumstances of this case. The lease agreement constituted a right of first refusal, or a "conditional option," regarding which 17 CJS, Contracts, § 56, p 503, states:

> A right of first refusal . . . empowers its holder with a preferential right to purchase property on the same terms offered by or to a bona fide purchaser. It limits the right of the owner to dispose freely of his or her property by compelling him or her to offer it first to the party who has the first right to buy. Nor may the owner accept an offer made to him by a third party.
>
> A right of first refusal is a conditional option which is dependent upon the decision to sell the property by its owner. A right of first refusal is the weakest of options; technically, it is not an option at all, because it does not require the grantor to offer the property subject to it for sale, ever. It does create a right of preemption, and the right to receive an offer before others do. The only offer involved is one to be made in the future, if and when the property owner reaches agreement with a third-party purchaser. Once the holder of a right of first refusal receives notice of a third party's offer, the right of first refusal is transmuted into an option. At that point, the holder of the option has a right to buy the property, a right that is a true option. The right of first refusal may be extinguished where the offer is declined by the holder, or where the third-party offer is not matched.

Therefore, this case involved more than a mere offer and acceptance. Rather, petitioners held a right of first

refusal, which, when respondent notified petitioners of the bona fide offer to purchase the property, "transmuted" into an option. An option is not revocable for the period specified in the option. *Marina Bay Condos, Inc v Schlegel*, 167 Mich App 602, 607; 423 NW2d 284 (1988). As stated in 17 CJS, Contracts, § 55, p 502:

> An option contract is an enforceable promise not to revoke an offer. It is a continuing offer or agreement to keep an offer open and irrevocable for a specified period. It is a contract right, and the optionor must keep the offer open. Until an option is exercised, the optionor has the duty not to revoke the offer during the life of the option.

Thus, under the foregoing authority, after notification of the bona fide offer, petitioners' right of first refusal "transmuted" into an option that was irrevocable for the life of the option, i.e., 30 days.

This conclusion is consistent with the plain language of the lease, which guides our interpretation of the provision and is the primary consideration. *Quality Products, supra* at 375. Paragraph 15 of the lease provided, in relevant part:

> Tenant shall have the right of first refusal to match any bona fida [sic] offer to purchase made with regard to the subject property. In the event Tenant fails to exercise his option within 30 days following presentment of said bona fida [sic] offer to purchase the option herein granted shall terminate.

This language indicates that the option would terminate if petitioners failed to exercise the option within 30 days after the presentment of the bona fide offer. The language does not provide for the termination of the option by any other means, including respondent's revocation of the tender of the option. Thus, the probate court erred in ruling that respondent's attempted revocation terminated the option, and it improperly read

language into the provision allowing for the termination of the option by revocation when no such language was present.

Petitioners rely on *Henderson v Nitschke*, 470 SW2d 410 (Tex Civ App, 1971), which reached a similar result on nearly identical facts. That case involved a lease that granted the lessee the right to purchase the property within 60 days after receiving notice of a third party's bona fide offer to purchase the property. *Id.* at 411. After informing the lessee of an offer to purchase the property and inquiring whether the lessee wished to exercise its right to purchase the property, the lessor revoked the tender of the option to the lessee. *Id.* The lessee then notified the lessor of its intent to exercise the option and filed suit, seeking specific performance. *Id.* Reasoning like we do in the instant case, the *Henderson* court opined that when the lessor notified the lessee of the bona fide offer, "the first right of refusal or pre-emptive right of purchase matured into an enforceable option and under paragraph 10 of the lease, lessee had 60 days in which to exercise the option . . . ." *Id.* at 414.

The *Henderson* court further opined that sufficient consideration supported the option at issue. *Id.* The court recited the rule now contained in 52 CJS, Landlord and Tenant, § 130, p 200,[3] which provides: "Ordinarily the consideration for the privilege of purchasing is not separate from the consideration for the lease as a whole, and where the lease is sufficiently supported by a consideration the provision for the privilege of purchasing the property is adequately supported." See *Henderson, supra* at 414. Our Supreme Court recognized a similar principle in *Wright v Kaynor*, 150 Mich

---

[3] As recognized in *Henderson, supra* at 414, the rule was formerly provided in 51C CJS, Landlord and Tenant, § 88(2), p 268.

7, 11; 113 NW 779 (1907). Accordingly, as the court determined in *Henderson*, sufficient consideration supported the option in the instant case.[4]

We conclude that the probate court erred in granting summary disposition to respondent and denying summary disposition to petitioners. Given our resolution of this case, we need not address the additional arguments raised by petitioners on appeal.

Reversed and remanded for entry of judgment in favor of petitioners. We do not retain jurisdiction.

---

[4] We note that respondent relies on the case of *Lin Broadcasting Corp v Metromedia, Inc*, 139 AD2d 124; 531 NYS2d 514 (1988), to support her appellate argument. While *Lin* does provide some support for her argument, it is not binding on us, and we decline to follow it.