*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

ADAMS OUTDOOR ADVERTISING,

      Plaintiff-Appellee,

UNPUBLISHED
February 24, 2022

v

TODD TARR and SHIRLEY BUCHNER,

      Defendants-Appellants.

No. 355231
Ingham Circuit Court
LC No. 19-000039-CK

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

In this lease dispute, defendant Shirley Buchner[1] appeals by right[2] the trial court's order affirming and clarifying its prior order granting plaintiff's motion for summary disposition under MCR 2.116(C)(10) on its breach-of-contract claim and denying defendant's motion for summary disposition on the same claim.[3] We affirm and remand to the trial court for further proceedings.

## I. BACKGROUND

Plaintiff and defendant executed a lease in 2008, in which defendant agreed to allow plaintiff to erect and maintain a billboard on a piece of real property that defendant owned. The lease included a right-of-first-refusal provision, in which defendant agreed to give written notice to plaintiff about any third-party offers to purchase the property. It is this provision that is the subject of this appeal. In 2017, defendant listed the property for sale. Defendant's broker, Craig

---

[1] Defendant Todd Tarr was dismissed by stipulation of the parties and is not a party to this appeal. We will refer to Buchner as "defendant."

[2] To the extent that defendant did not have an appeal by right, we treat her claim of appeal as an application for leave to appeal and grant it. See *Botsford Continuing Care Corp v Intelistaf Healthcare, Inc*, 292 Mich App 51, 61; 807 NW2d 354 (2011).

[3] Although plaintiff advanced a number of different counts in its complaint, the only count at issue in this appeal is breach of contract.

Bushong, contacted plaintiff's spokesperson, Rebecca Kosta, to ask if it desired to purchase the property directly from defendant for $79,900. Kosta declined the offer and indicated that plaintiff was not interested in purchasing the entire property. However, Kosta made a formal offer to purchase a permanent easement in the area directly around the billboard. Defendant declined this offer. Defendant subsequently reduced the listed price and, in 2018, accepted an offer from Todd Tarr for $50,000. Defendant did not give plaintiff written notice of Tarr's offer.

Plaintiff then brought this lawsuit, contending that defendant committed breach of contract by failing to provide written notice of Tarr's offer. Defendant moved for summary disposition under MCR 2.116(C)(8) and (10) and argued that plaintiff had waived its right of first refusal through its communications in 2017. According to defendant, she did not need to inform plaintiff of Tarr's offer because plaintiff had indicated that it had no interest in ever purchasing the property, which was enough to constitute waiver. Plaintiff filed its own motion for summary disposition under MCR 2.116(C)(10), maintaining that, because the 2017 communications involved an offer directly from defendant and not a third party, no waiver had occurred. Plaintiff contended that defendant had indisputably failed to provide written notice under the lease and was, therefore, in breach of contract. The trial court determined that there was no genuine issue of material fact regarding whether plaintiff had waived its right of first refusal. Thus, the trial court granted summary disposition in favor of plaintiff on its breach-of-contract claim and stated that "Plaintiff may schedule an evidentiary hearing to determine the amount of damages."

## II. ANALYSIS

### A. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition, as well as questions of statutory interpretation and the construction and application of court rules." *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010) (citations omitted). A motion is properly granted pursuant to MCR 2.116(C)(10) when "there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 415. "[A] court must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Id.* at 415-416 (citations omitted). Additionally, leases are interpreted using principles of contractual interpretation, see *G & A Inc v Nahra*, 204 Mich App 329, 330; 514 NW2d 255 (1994), and the interpretation of a contract is reviewed de novo, *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

### B. DISCUSSION

Defendant argues that she, not plaintiff, was entitled to summary disposition because the evidence showed that plaintiff had no intent of ever purchasing the property; accordingly, its conduct constituted implied waiver of its right of first refusal and justified defendant selling the property to Tarr without first notifying plaintiff. Alternatively, defendant argues that there was at least a genuine issue of material fact regarding waiver such that the matter should have proceeded to trial. We disagree.

"A right of first refusal, or preemptive right, is a conditional option to purchase dependent on the landowner's desire to sell." *Randolph v Reisig*, 272 Mich App 331, 336; 727 NW2d 388 (2006). "[T]he promisee in a right of first refusal agreement cannot exercise any right to purchase property unless the seller decides to sell to a different buyer." *Id*. at 339. This Court has described the principles regarding a right of first refusal:

> A right of first refusal . . . empowers its holder with a preferential right to purchase property on the same terms offered by or to a bona fide purchaser. It limits the right of the owner to dispose freely of his or her property by compelling him or her to offer it first to the party who has the first right to buy. Nor may the owner accept an offer made to him by a third party.

> A right of first refusal is a conditional option which is dependent upon the decision to sell the property by its owner. A right of first refusal is the weakest of options; technically, it is not an option at all, because it does not require the grantor to offer the property subject to it for sale, ever. It does create a right of preemption, and the right to receive an offer before others do. The only offer involved is one to be made in the future, if and when the property owner reaches agreement with a third-party purchaser. Once the holder of a right of first refusal receives notice of a third party's offer, the right of first refusal is transmuted into an option. At that point, the holder of the option has a right to buy the property, a right that is a true option. The right of first refusal may be extinguished where the offer is declined by the holder, or where the third-party offer is not matched. [*In re Smith Trust*, 274 Mich App 283, 287; 731 NW2d 810 (2007), aff'd 480 Mich 19 (2008) (quotation marks and citation omitted).]

Waiver has been defined as "the intentional and voluntary relinquishment of a known right." *Home-Owners Ins Co v Perkins*, 328 Mich App 570, 585; 939 NW2d 705 (2019) (quotation marks and citation omitted). Waiver or modification of a contract can be express, through "express declarations or by declarations that manifest the parties' intent and purpose," or implied, "evidenced by a party's decisive, unequivocal conduct reasonably inferring the intent to waive." *Id*. (quotation marks and citation omitted). The critical inquiry is a mutual intent on the part of the parties to waive or modify the contract. *Id*. "[A] party alleging a waiver or modification must establish a mutual intention of the parties to waive or modify the original contract." *Id*. (quotation marks and citation omitted). This "is satisfied where a waiver or modification is established through clear and convincing evidence of a written agreement, oral agreement, or affirmative conduct establishing mutual agreement to modify or waive the particular original contract." *Id*. at 586 (quotation marks and citation omitted). Silence cannot support a claim of waiver, and the burden rests on the party asserting waiver to prove it. *Id*.

In the 2017 communications between Kosta and Bushong, Kosta told Bushong that plaintiff "is interested in purchasing the parcel where the billboard resides but is not interested in the parcel that houses the building. If that's something you'd entertain, please let me know and we'll get you a formal offer." Bushong asked for a formal offer, and Kosta replied:

> [Plaintiff] would like to offer $10,000.00 for a perpetual easement to the billboard sign. We aren't interested in the property, just to maintaining and

accessing the billboard. As you know, there is a giant city-owned tree blocking the billboard. With the city's approval, we have removed as much as we are allowed. Without the ability to remove the tree completely, the billboard is of less value to us due to the limited visibility from [the nearby road], hence the offer for $10,000.00.

Please let me know if this something [sic] your client might entertain. Thanks again for the opportunity.

Kosta subsequently asked via e-mail, "Any interest from [defendant] on selling an Easement separate from the property sale?" Bushong replied that, "[f]or the price that you have offered, [defendant] feels that the sign should be sold with the property. I will keep you posted if anything changes." Kosta replied, "Thanks for the feedback—wish we could offer more but the area isn't quite as attractive or desirable for advertising purpose as it once was." Kosta's deposition testimony clarified that the reason for why defendant's offer was rejected at that time was "[b]ecause the listing price that [Bushong] had it listed for [i.e., $79,900], we were not interested in purchasing it."

The trial court reasoned that "[t]he email communications in the record are at best equivocal" and fell below the high standard of clear and convincing evidence. It is true, as defendant argues, that plaintiff's communications and conduct indicated that it was not interested in purchasing the property and that it was more interested in the billboard and area surrounding it. However, the e-mails involved not an offer from a third party, but an offer from defendant herself and at a specific price. The right of first refusal was never discussed or mentioned. At best, these communications show that, at that specific time, plaintiff was not interested in purchasing the property directly from defendant at the offered price. There was no indication that plaintiff would *never* purchase the property or that it was waiving its right of first refusal to an offer from a third party and at a significantly lower price, e.g., $50,000. Defendant failed to establish that a genuine issue existed regarding whether plaintiff's communications constituted "*decisive, unequivocal* conduct reasonably inferring the intent to waive." *Perkins*, 328 Mich App at 585 (quotation marks and citation omitted; emphasis added). The trial court thus determined that defendant's waiver argument failed under the threshold for clear and convincing evidence, and we discern no error.

Defendant next argues that the doctrine of unclean hands applies. We disagree. The doctrine of unclean hands is one "that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the opposing party." *New Prod Corp v Harbor Shores BHBT Land Dev, LLC*, 331 Mich App 614, 627; 953 NW2d 476 (2019) (cleaned up). However, this doctrine applies only "to equitable actions or defenses." *Varela v Spanski*, 329 Mich App 58, 83; 941 NW2d 60 (2019). A breach-of-contract claim for damages cannot be maintained in equity. See *Wedin v Atherholt*, 298 Mich 142, 144; 298 NW 483 (1941). Plaintiff sought money damages rather than seeking an equitable remedy, thereby precluding use of this doctrine.

Defendant also briefly mentions "estoppel by silence," which occurs when a party "maintains silence when in conscience he ought to speak," and in such cases, "the equity of the law will debar him from speaking when in conscience he ought to remain silent." *Detroit Hilton Ltd Partnership v Dep't of Treasury*, 422 Mich 422, 430-431; 373 NW2d 586 (1985) (cleaned up).

-4-

We disagree. Defendant provided no evidence to show that plaintiff had knowledge of Tarr's offer when it was made or accepted. Plaintiff had no obligation to speak about something of which it had no knowledge. Moreover, as previously discussed, plaintiff did not waive its right of first refusal, and defendant's choice to accept Tarr's offer without first notifying plaintiff was in violation of the lease's plain and unambiguous terms for the reasons explained by the trial court.

Next, defendant briefly contends that the right-of-first-refusal provision was unenforceable and invalid for lack of separate consideration. This argument is without merit because this Court has explicitly held that a right of first refusal need not be supported by separate consideration; if the lease itself is supported by consideration, this is sufficient. *Smith Trust*, 274 Mich App at 289-290. There is no dispute that plaintiff paid annual rent to defendant for the billboard. Therefore, the lease, and by extension the right of first refusal, was supported by consideration.

Finally, defendant contends that the trial court's ruling regarding damages shows the error of its decision because damages is an element of breach of contract. Although it is true that damages is one of the elements of a breach-of-contract claim, *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014), defendant misunderstands the trial court's ruling. The trial court "ordered that Plaintiff may schedule an evidentiary hearing to determine the *amount* of damages." Contrary to defendant's assertion, the trial court did not allow the evidentiary hearing to determine *if* plaintiff was damaged, but rather, the *amount* of damages that plaintiff incurred. Defendant's contention is without merit.[4]

## III. CONCLUSION

We affirm the trial court's grant of summary disposition in favor of plaintiff on its breach-of-contract claim and remand to that court for further proceedings consistent with our opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan

---

[4] We note, however, that such factual disputes concerning damages, and the related question of whether the breach of contract caused those damages, see *Miller-Davis Co*, 495 Mich at 178, are typically resolved through trials.