*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MITCHELL B. FOSTER,

        Plaintiff,

and

SEVEN LAKES PARTNERSHIP, LLC, and SEVEN LAKES DEVELOPMENT, LLC,

        Plaintiffs-Appellees,

v

CHARTER TOWNSHIP OF WASHINGTON, WASHINGTON TOWNSHIP PLANNING COMMISSION, and WASHINGTON TOWNSHIP BOARD OF TRUSTEES,

        Defendants-Appellants.

UNPUBLISHED
April 28, 2022

No. 355650
Macomb Circuit Court
LC No. 2000-003728-CH

Before: LETICA, P.J., and REDFORD and RICK, JJ.

PER CURIAM.

Defendants, Charter Township of Washington, Washington Township Planning Commission, and Washington Township Board of Trustees (collectively "the Township"), appeal as of right the order granting attorney fees to plaintiff, Seven Lakes Partnership, LLC (Seven Lakes). On appeal, the Township challenges the trial court's award of attorney fees and costs to Seven Lakes. The Township also challenges the trial court's earlier, October 30, 2020 order, requiring the Township to enter into a cost sharing agreement containing a payback provision with Seven Lakes, and adding Seven Lakes as a party-plaintiff. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of a consent judgment, entered in September 2000, between Seven Lakes Development, LLC, and the Township, concerning approximately 459 acres of undeveloped

land owned by Seven Lakes Development, LLC, on the northwest corner of 31 Mile Road and Mound Road. The relevant portions of the consent judgment are:

9. The Special Land Use Development Plan represented by Exhibit "A" is approved in its entirety under the prior ordinance for the Residential Open Space Development being 190.2137, with the density of 201 residential units, subject to the following:

\* \* \*

g. Extension of Township water is not guaranteed by the Township to service any of the sites. As long as there is capacity and water is available, the Plaintiff shall be entitled to avail itself of water at the site. If Plaintiff desires to obtain water prior to the Township bringing it to the site, Plaintiff may advance such sums as are necessary for such off site improvements or extensions, as long as there is proper capacity. The Plaintiff and Township shall then execute and enter into a pay back agreement substantially in conformance with the terms and conditions set forth in **Exhibit B** attached;

\* \* \*

11. . . . This Consent Judgment is binding upon the parties hereto, their respective heirs, personal representatives, successors, successors-in-interest and assigns; and further, the terms and conditions of this Consent Judgment as the same may be amended from time to time, including without limitation uses permitted on the Development Property pursuant to this Consent Judgment, shall be deemed to run with the land for the benefit of the Development Property only, and not for the benefit of any surrounding property.

\* \* \*

14. In the event that any party makes a determination, in said party's sole discretion, that any other party is not acting in a reasonable and timely manner, said alleged aggrieved party may petition this Court to resolve said dispute and the parties shall make themselves immediately available for hearing on a date to be set by this Court as soon as possible subject to the Court's schedule. In the event this Court finds that any party has not acted in good faith or in conformity with this Consent Judgment, then this Court may order all costs and attorney fees incurred to such prevailing party.

Relevant portions of Exhibit B, referenced in paragraph 9(g) of the consent judgment, include:

2. Payback District. The area and properties benefitted by the Water Improvements ("Water District") are set forth on Exhibit "C" attached hereto and made a part hereof. Fees and charges paid by persons or entities in the Water District for use of the Water Improvements shall be paid to Owner [Seven Lakes Development, LLC] in accordance with Paragraph 8 hereof.

* * *

8. Payback.

(a) Owner shall be entitled to receive from the Township all Water Main Benefit fees and any subsequent similar, or replacement fees, but excluding the proceeds received by the Township from Water System Benefit fees or in connection with the creation of any special assessment district(s) for improvements which connect to the Improvement (collectively, the "Connection Charges"), paid by anyone within the Water District who has hooked up to, tapped into, is using, or is benefitted by the Water Improvement and who requires more than one (1) single-family residential capacity unit . . . .

Seven Lakes Development, LLC, sold approximately 104 of the 459 acres (Seven Lakes's property) to Seven Lakes, in May 2016, and Seven Lakes acknowledged and consented to be bound by the consent judgment. In the summer of 2020, the Township began a plan to extend the municipal water main from 30 Mile Road to the northeast corner of 31 Mile Road (Segment 1), to commence construction in October 2020. Seven Lakes negotiated with the Township to expand the project from the northeast corner of 31 Mile Road, past Seven Lakes's property (Segment 2), which would attach to the Township's additional planned extension further north (Segment 3). The Township mandated Segment 2 continue beyond the end of Seven Lakes's property and connect to Segment 3.

Seven Lakes alleged the Township, at a meeting in July 2020, agreed to a cost-sharing agreement for Segment 2 that would include a payback provision, but the first draft of the cost-sharing agreement Seven Lakes received did not contain a payback provision. Seven Lakes's counsel sent a letter, in which he alleged the consent judgment required the Township to agree to a payback provision with Seven Lakes, indicating time was of the essence, and notifying the Township of Seven Lakes's intent to file suit if the Township did not comply.

When an agreement was not reached, Seven Lakes moved to show cause to enforce the consent judgment, contending the Township was required to enter into a cost-sharing agreement with Seven Lakes containing a payback provision. Seven Lakes sought the payback provision because it gave the entity water benefit fees. Specifically, the water benefit fees paid by those who tapped into the Segment 2 water main would be used to reimburse Seven Lakes for a substantial portion of the expenses it incurred in building Segment 2.[1] Seven Lakes claimed that the Township would not allow Segment 2 to be built unless Seven Lakes entered into a cost-sharing agreement. Seven Lakes further asserted that time was of the essence because the project's contractor had ordered the pipes for the project and was planning to begin work on the site within a week of the motion's filing.

---

[1] Washington Township Ordinances, §§ 186.4101(B) and 186.4102, require properties connecting to the municipal water line pay various fees. Among these fees is a Water Main Benefit Fee, which is charged to connecting properties on a pro rata basis.

At the motion hearing, Seven Lakes argued, since acquiring the 104 acres from Seven Lakes Development, LLC, it had acted in accordance with the terms of the consent judgment and its amendments. Seven Lakes explained, under the consent judgment, it was required to provide all costs for the extension of Segment 2 under a cost sharing agreement, but was entitled to a payback provision entitling it to water benefit fees of properties that would be able to tap into Segment 2. Seven Lakes stressed the urgency of the matter, explaining the contractor was ready to begin work, and the pipes had been ordered for Segment 1, but not Segment 2, which could cause increased costs and scheduling problems. Seven Lakes argued Segment 1 would not bring water to Seven Lakes's property, because it terminated across the street.

In response, the Township, argued there was no emergency, and the consent judgment did not consider the parties' present situation. The Township explained, when the consent judgment was enacted, the closest water main to Seven Lakes's property was 2¼ miles away, but Segment 1 terminated only 60 feet from Seven Lakes's property. The Township claimed the situation in which the parties now found themselves only required Seven Lakes to extend the water line 60 feet under Mound Road to its site, and the remainder of Segment 2 was unnecessary to bring water to Seven Lakes's property. Therefore, the Township contended, Seven Lakes was not entitled to a payback provision, because it only applied to the off-site extensions required to bring water to Seven Lakes's property, which would be the 60 feet under Mound Road. The Township further alleged the July 2020 meeting was parol evidence that could not be considered in interpreting the consent judgment. The Township also claimed that Seven Lakes was not a real party in interest to the action because it failed to substantively comply "with the requirements of MCR 2.202 to be substituted as a party" without filing such a formal motion.

The trial court held Seven Lakes was the proper successor in interest to Seven Lakes Development, LLC. The trial court ruled in favor of Seven Lakes, opining the Township did not bring water to the site of Seven Lakes's property within the meaning of the consent judgment. The trial court determined, to provide water service to its property, Seven Lakes was required by the Township's ordinances to extend the line across the front of its property as proposed in Segment 2. On this basis, the trial court concluded Seven Lakes was entitled to assert its rights under the consent judgment by advancing the necessary funds to pay for Segment 2. The trial court ordered the Township to enter into a cost-sharing agreement with Seven Lakes containing a payback provision consistent with the consent judgment. Regarding attorney fees, the trial court determined the Township acted in good faith, but failed to act in conformity with the consent judgment, and determined it "must order all costs and attorney fees incurred by the prevailing party." It instructed Seven Lakes to submit a bill of costs.

Seven Lakes submitted its request for attorney fees and costs, which the Township opposed, arguing, while it did not object to the reasonableness of the hourly rates, the hours indicated were excessive. The Township requested an evidentiary hearing, citing *Kernen v Homestead Dev Co*, 252 Mich App 689, 691; 653 NW2d 634 (2002). The trial court recognized it had discretion to award attorney fees and granted Seven Lakes's request for attorney fees and costs. It determined the hourly rates were reasonable, and the hours spent were appropriate, given the fast-paced nature of the case. The trial court eliminated Seven Lakes request to recover the engineering fees it had incurred.

## II.  ANALYSIS

### A.  THE PAYBACK AGREEMENT

The Township contends the trial court erred when it ordered the Township to enter into a cost-sharing agreement with Seven Lakes containing a payback agreement.  We disagree.

"A consent judgment is in the nature of a contract, and is to be construed and applied as such."  *Lueck v Lueck*, 328 Mich App 399, 404; 937 NW2d 729 (2019) (quotation marks and citation omitted).  "[T]he interpretation of a contract is a question of law reviewed de novo on appeal[.]"  *Id.* (quotation marks and citation omitted, alteration in original).  "In interpreting a contract, this Court's obligation is to determine the intent of the parties."  *In re Smith Trust*, 274 Mich App 283, 285; 731 NW2d 810 (2007).  "This Court must examine the language of the contract and accord the words their ordinary and plain meanings, if such meanings are apparent."  *Id.*  "If the contractual language is unambiguous, courts must interpret and enforce the contract as written."  *Id.*  "Thus, an unambiguous contractual provision is reflective of the parties' intent as a matter of law."  *Id.* (quotation marks and citation omitted).

"When a court interprets a contract, the entire contract must be read and construed as a whole."  *Smith v Smith*, 292 Mich App 699, 702; 823 NW2d 114 (2011).  "All the parts must be harmonized as much as possible, and each word of the contract must be given effect, if possible."  *Id.*  "[C]ourts may not change or rewrite plain and unambiguous language in a contract under the guise of interpretation because the parties must live by the words of their agreement."  *Id.* (quotation marks and citation omitted).  "In general, judgments, including consent judgments, entered by our courts are final and binding."  *Staple v Staple*, 241 Mich App 562, 564; 616 NW2d 219 (2000) (footnote and citations omitted).

The Township submits the payback agreement provision of the consent judgment only applies to off-site improvements made by Seven Lakes, and, once Seven Lakes extends the water line from the end of Segment 1, 60 feet underneath Mound Road to its property, the extension stops being off-site.  Once the extension is brought on-site, the Township contends, it becomes the sole responsibility of Seven Lakes, and Seven Lakes is no longer entitled to a payback provision.  In contrast, Seven Lakes contended the word "or" in the term "off site improvements or extensions" indicates the consent judgment provides for "off site improvements" or any "extensions."

"The last-antecedent rule provides that a modifying clause is confined to the last antecedent unless something in the subject matter or dominant purpose [of the clause] requires a different interpretation."  *Campbell v Mich Dep't of Treasury*, 331 Mich App 312, 320; 952 NW2d 568 (2020), lv gtd 506 Mich 964 (2020) (quotation marks and citation omitted).  Additionally, "the word 'or' is a disjunctive word that is 'used to indicate a disunion, a separation, an alternative.' "  *Id.* (citation omitted).  While the last-antecedent rule would appear to restrict the term "off site" to modify only the word "improvements," this interpretation is inappropriate in light of the purpose of the consent judgment and the presence of the disjunctive term "or."

A "bedrock principle of American contract law [is] that parties are free to contract as they see fit[.]"  *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51; 664 NW2d 776 (2003).  However,

interpreting the consent judgment to require a payback provision for any "extension" by Seven Lakes would risk rendering the paragraphs concerning the payback provision in Exhibit B nugatory. If Seven Lakes expands the water line only within the boundaries of its property, there would be no payback district, and no need for a payback provision. The construction proffered by the Township would render parts of the contract surplusage or nugatory. See *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003). Additionally, contract interpretation must effectuate the intent of the parties, and contracts must read "in the light of the attendant facts and circumstances." *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 298; 778 NW2d 275 (2009). Considering the Township's interests, it is difficult to conclude the consent judgment requires the Township to agree to a payback provision with Seven Lakes for extensions of the water main within the boundaries of Seven Lakes's property. On this basis, the modifying term "off site" modifies both "improvements" and "extensions."

However, the off-site requirement does not necessarily preclude Seven Lakes from being entitled to a payback provision for Segment 2. Considering the "attendant facts and circumstances," Seven Lakes could not avail itself of the municipal water main simply by extending the pipe, terminating Segment 1, 60 feet underneath Mound Road, because it was required by the Township's ordinance to extend the line across the front of its property boundary to boundary. Additionally, the Township indicated it was not planning on extending Segment 2 if Seven Lakes did not pay for it, and, as a condition to permitting Seven Lakes to construct Segment 2, required Seven Lakes to extend Segment 2 beyond the boundary of its property to connect to Segment 3. On the basis of these attendant circumstances, the trial court correctly determined Seven Lakes's only option to bring water to its property was to construct all of Segment 2, as required by the Township. While the off-site extension involved a distance of 60 feet, the Township made it impossible to construct this off-site extension without further extending the line across the frontage of the entire Seven Lakes's property. As the trial court noted, given the circumstances, the end of a pipe, without being able to actually provide water to the site, does not allow Seven Lakes to "obtain water" under the consent judgment. For Seven Lakes to "obtain water," it was required, by the Township, to construct Segment 2 in its entirety.

In this matter, Seven Lakes desired to obtain water at its site prior to the Township bringing water to the site. For this to take place, the Township required Seven Lakes, in addition to extending the connection 60 feet under the intersection of Mound Road and 31 Mile Road, to extend the line the entire length of their property. Because of this Seven Lakes was required to advance such sums as were necessary for such extensions.

As a result, the Township's argument that after Segment 1 was built water would be available to Seven Lakes, and Seven Lakes was not entitled to a payback provision because it was not bringing water to its site "prior to the Township bringing it to the site," is incorrect. The consent judgment entitles Seven Lakes to use the municipal water line "[a]s long as there is capacity and water is available[.]" The word "available," is defined as "present or ready for use" or "easy or possible to get or use." *Merriam-Webster's Collegiate Dictionary* (11th ed). If Seven Lakes must extend the water line 60 feet from the end of Segment 1 to bring it to its property, regardless of the ordinance requiring it to extend the line further across its boundary line, water is not "present or ready for use." Additionally, because Seven Lakes would be required to initiate an extensive construction project underneath Mound Road, and is still not permitted to access the water unless it extends the line across the frontage of its property, to connect with Segment 3, the

-6-

water is also not "easy or possible to get or use" from the end of Segment 1 without constructing Segment 2. Therefore, after the Township completes Segment 1, water will still not be "available" to Seven Lakes, and Segment 2 would be bringing water to Seven Lakes's property "prior to the Township bringing it to the site[.]"

Accordingly, Seven Lakes is entitled to a payback provision for reimbursement using water benefit fees "for improvements which connect to the Improvement[,]" i.e., Segment 2, from "[t]he area and properties benefitted by the Water Improvements[.]" The Township's ordinance requiring Seven Lakes to extend the water line across its property, and the Township's insistence Segment 2 be constructed in its entirety, provided Seven Lakes with no option other than to build Segment 2 to bring water to its property. Given the intent of the parties and these circumstances, the trial court did not err when it determined Seven Lakes was entitled to a payback provision for water benefit fees paid by properties in the water benefit district of Segment 2.

## B. SUBSTITUTION UNDER MCR 2.202

The Township alleges the trial court erred by permitting Seven Lakes to substitute itself as a party-plaintiff in this case in contravention of MCR 2.202(B). We disagree.

As an initial matter, the Township contends that the trial court improperly allowed the substitution because Seven Lakes failed to file a written motion. However, a formal motion may not be required for an issue to properly be before the court when the position of both parties is presented to the court. See *Alpine Constr Co v Gilliland Constr Co*, 50 Mich App 568, 572 n 2; 213 NW2d 824 (1973).[2] In light of the trial court's awareness of the issue and the contention that time was of the essence in resolving the dispute, a formal motion was not necessary.

The proper interpretation and application of a court rule is a question of law subject to review de novo, and the court rule's intent is discerned from the language of the rule itself. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). "The use of the word 'shall' constitutes clear language designating a mandatory course of conduct, . . . whereas, the term 'may' presupposes discretion and does not mandate an action." *In re Estate of Weber*, 257 Mich App 558, 562; 669 NW2d 288 (2003) (citations omitted). "This Court reviews discretionary decisions of the trial court for an abuse of discretion." *Phillips v Deihm*, 213 Mich App 389, 394; 541 NW2d 566 (1995). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013).

MCR 2.202(B) governs the substitution of parties when there has been a transfer or change of interest. *Church & Church Inc v A-1 Carpentry*, 281 Mich App 330, 338; 766 NW2d 30 (2008), aff'd in part on other grounds 483 Mich 885 (2009). MCR 2.202, in relevant part, states:

---

[2] Although this Court is not required to follow the rule of law established in an opinion by this Court published before November 1, 1990, MCR 7.215(J)(1), we may consider such decisions as persuasive. *Franks v Franks*, 330 Mich App 69, 96 n 2; 944 NW2dd 388 (2019).

(B) Transfer or Change of Interest. If there is a change or transfer of interest, the action may be continued by or against the original party in his or her original capacity, unless the court, on motion supported by affidavit, directs that the person to whom the interest is transferred be substituted for or joined with the original party, or directs that the original party be made a party in another capacity. Notice must be given as provided in subrule (A)(1)(c).

* * *

(D) Substitution at Any Stage. Substitution of parties under this rule may be ordered by the court either before or after judgment or by the Court of Appeals or Supreme Court pending appeal. If substitution is ordered, the court may require additional security to be given. [MCR 2.202.]

MCR 2.202(B) "allow[s] a preexisting action to proceed with or without a substitution of parties." *Eller v Metro Indus Contracting, Inc*, 261 Mich App 569, 575; 683 NW2d 242 (2004). Accordingly, Seven Lakes, as the successor in interest of the 104 acres it purchased from Seven Lakes Development, LLC, was not required to move to permit its substitution under MCR 2.202(B). Furthermore, MCR 2.202(D) allowed for substitution even after entry of judgment. The trial court properly added Seven Lakes as a party.[3]

## C. ATTORNEY FEES

The Township contends the trial court erred in awarding attorney fees to Seven Lakes because (1) it failed to recognize awarding attorney fees under the consent judgment was discretionary, (2) the attorney fees requested by Seven Lakes were unreasonable and excessive, and (3) the trial court did not hold an evidentiary hearing on the fees. We disagree.

"[W]ith respect to an award of attorney fees, we review underlying findings of fact for clear error, . . . while questions of law are reviewed de novo[.]" *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008) (citations omitted). "But we review the court's decision whether to award attorney fees and the determination of the reasonableness of the fees for an abuse of discretion." *Id.* "The court does not abuse its discretion when its decision is within the range of reasonable and principled outcomes." *Id.* Additionally, "[a] trial court's decision that an evidentiary hearing is not warranted is reviewed for an abuse of discretion." *Kernen*, 252 Mich App at 691.

In determining whether to award attorney fees, "Michigan follows the American rule, which provides that attorney fees are not to be awarded unless specifically provided for by a

---

[3] The Township alleges that it is "difficult to understand [Seven Lakes's] procedural maneuver by removing Seven Lakes Development, LLC from this case," and the remaining 355 acres are no longer represented. However, Seven Lakes alleged that the original development corporation was dissolved. Furthermore, the Township did not contend that the owners of the remaining 355 acres were necessary parties or seek to add them to the litigation.

statute, rule, or contractual provision." *Wyandotte Electric Supply Co v Electrical Technology Sys, Inc*, 499 Mich 127, 150-151; 881 NW2d 95 (2016). Specifically:

> [W]hen determining the reasonableness of attorney fees . . . a trial court must begin its analysis by determining the reasonable hourly rate customarily charged in the locality for similar services. The trial court must then multiply that rate by the reasonable number of hours expended in the case to arrive at a baseline figure. [*Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 281; 884 NW2d 257 (2016) (footnotes and citations omitted).]

After considering this figure, the trial court must determine "whether an up or down adjustment is appropriate[,]" by examining:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
> (3) the amount in question and the results obtained,
>
> (4) the expenses incurred,
>
> (5) the nature and length of the professional relationship with the client,
>
> (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,
>
> (7) the time limitations imposed by the client or by the circumstances, and
>
> (8) whether the fee is fixed or contingent. [*Id.* at 281-282.]

This list is not exclusive, and the trial court is permitted to consider other, relevant factors. *Id.* at 282. "In order to facilitate appellate review, the trial court should briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors." *Id.* (footnote and citation omitted).

The Township first submits the trial court erred in failing to recognize its discretion in awarding attorney fees under the consent judgment. At the conclusion of the motion hearing, the trial court, in awarding attorney fees to Seven Lakes, stated: "[T]he plain language of the contract allows me to use my discretion to award the fees necessary to make the scales balance. And that's what I've done." There is ample evidence the trial court, in awarding attorney fees to Seven Lakes, was aware of its discretionary authority.

Next, the trial court's determination of the reasonableness of attorney fees is also discretionary, *In re Temple*, 278 Mich App at 128. The Township did not object to the rates of $300 per hour of Seven Lakes's counsels, and the 2020 Economics of Law Practice Attorney Income and Billing Rate Summary Report submitted by Seven Lakes support the reasonableness

of these rates on the basis of their years of experience, field, and location of practice. The trial court also determined the rates were reasonable, opining: "It's consistent with the expertise of the law firm. It's consistent with the geographical considerations of what other attorneys of such experience would charge."

Regarding the hours billed, the trial court reasoned:

When you are under the gun, when you're trying to rush[,] there's a lot of hours that are spent that would not have to be spent if you were leisurely thinking about how to craft an argument for an appellate court. When you're trying to get the ducks in a row and get things together for litigation in a trial court there's a lot of hours that are spent. I have no doubt that the hours were spent because of the reputation of the lawyers involved for the Plaintiff and the Defense.

There is no indication the trial court abused its discretion in reasoning the hours billed by Seven Lakes's counsels were higher than might normally be expected for a case like this, because of the fast-paced nature of the case, which was required by the consent judgment. The trial court concluded that the hours and rates were reasonable and did not make any adjustments to this baseline when it awarded fees.

Lastly, the Township argues the trial court was required to hold an evidentiary hearing on the attorney fees under *Kernen*, 252 Mich App at 689.[4] This Court, in *Kernen*, held: "Generally, a trial court should hold an evidentiary hearing when a party is challenging the reasonableness of the attorney fees claimed . . . . However, if the parties created a sufficient record to review the issue, an evidentiary hearing is not required." *Id.* at 691. In the present case, the Township asserts that an evidentiary hearing is required to allow Seven Lakes's counsel to present testimony to substantiate the fees and costs requested. The Township acknowledges that affidavits by counsel were submitted, but characterizes them as "self-serving" and "conclusory." Yet, the Township failed to take issue with the representation by Seven Lakes that substantial negotiations to resolve the dispute occurred, the negotiations required consultation with the engineers, and the parties differing construction of the consent judgment and amendment necessitated the hours expended. Further, the trial court noted that the hours expended were in part because of the pressing nature of the case as set forth in the agreement and that the thorough nature of the agreement was designed to prevent or promptly resolve disputes. Under the circumstances, we cannot conclude that the trial court's decision to render an award without conducting an evidentiary hearing constituted an abuse of discretion. A sufficient record existed to allow the trial court to resolve the issue.

Affirmed.

/s/ Anica Letica
/s/ James Robert Redford
/s/ Michelle M. Rick

---

[4] However, at the hearing on the motion for attorney fees, counsel for the Township stated, "I'll rely on the [c]ourt's discretion, although I think an evidentiary hearing is still important here."