*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KERRIE SURSELY,

              Plaintiff-Appellant,

and

VHS OF MICHIGAN INC., doing business as THE DETROIT MEDICAL CENTER, MICHIGAN NEUROSURGICAL SPECIALISTS PC, and WATERFORD SURGICAL CENTER LLC,

              Intervening Plaintiffs,

v

PROGRESSIVE MARATHON INSURANCE COMPANY and FARMERS INSURANCE EXCHANGE,

              Defendants-Appellees.

UNPUBLISHED
March 14, 2024

No. 364459
Oakland Circuit Court
LC No. 21-187882-NI

Before: PATEL, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

In this no-fault action, plaintiff, Kerrie Sursely ("Sursely"), appeals as of right from the stipulated order dismissing Sursely's claims against defendant Farmers Insurance Exchange ("Farmers"), as well as the subsequent order denying Sursely's motion for relief from judgment.[1] Sursely also challenges the earlier stipulated order dismissing Sursely's claims against defendant, Progressive Marathon Insurance Company ("Progressive"). We affirm.

## I. FACTS

---

[1] Sursely's claims against Farmers are not before us on appeal.

Sursely was involved in a motor vehicle collision while driving a car owned by Zinoviy Bogdanovich Nosovski ("Nosovski"). Nosovski was not related to Sursely, and Nosovski and Sursely did not reside together. At the time of the collision, Sursely did not own a car, did not have a driver's license, and did not have automobile insurance. Nosovski had an automobile insurance policy with Progressive, which included a provision for coverage of uninsured or underinsured motorist (UM/UIM) benefits. Sursely applied for benefits through the Michigan Assigned Claims Plan (MACP).

Sursely filed suit against Progressive and the Michigan Automobile Insurance Placement Facility ("MAIPF"). See MCL 500.3172. Sursely sought unpaid personal protection insurance (PIP) benefits from Progressive and the MAIPF. Sursely further sought UM or UIM benefits from Progressive, and declaratory relief. Farmers was later added as a defendant, in place of the MAIPF.[2]

Progressive moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that Progressive is not in the order of priority for Sursely's PIP claim. Progressive argued that because Sursely was uninsured and driving the vehicle of a nonresident and nonrelative, MCL 500.3114(4) required Sursely to claim benefits from the MACP. Progressive requested that the trial court dismiss Sursely's claims against Progressive with prejudice.

Progressive's counsel e-mailed a proposed stipulated order to Sursely's counsel, dismissing Progressive from the case. Sursely's counsel responded by e-mail, telling Progressive's counsel that Sursely would agree to the terms if Farmers was identified as the insurer of priority in the order and Farmers's counsel agreed. Farmers's counsel agreed that there was no priority dispute regarding Progressive.

On May 18, 2022, the trial court entered a "Stipulated Order as to Priority." The order stated that Farmers was in the first order of priority and: "**IT IS HEREBY ORDERED** that Defendant, PROGRESSIVE MARATHON INSURANCE COMPANY, shall be and is hereby dismissed from this matter, with prejudice, for the reason that Defendant, PROGRESSIVE MARATHON INSURANCE COMPANY, is not in the order of priority relative to Plaintiff's, Kerrie Sursely, claim."

On November 23, 2022, Sursely moved for relief from the May 18, 2022 order, arguing that the stipulated order only was intended to dismiss Progressive from Sursely's claim for PIP benefits, not Sursely's claim for UM or UIM benefits. Progressive responded, arguing that no "mistake" occurred under MCR 2.612(C)(1)(a), and no "fraud" occurred under MCR 2.612(C)(1)(c). On December 2, 2022, the trial court entered a final order, dismissing Sursely's claims against Farmers by stipulation of the parties. On December 28, 2022, the trial court denied Sursely's motion for relief from the May 18, 2022 order. This appeal followed.

## II. STANDARD OF REVIEW

---

[2] This case also involved multiple intervening plaintiffs, whose claims against defendants were subsequently dismissed.

"The existence and interpretation of a contract involves a question of law that this Court reviews de novo." *Myland v Myland*, 290 Mich App 691, 700; 804 NW2d 124 (2010). "Stipulated orders that are accepted by the trial court are generally construed under the same rules of construction as contracts. Like contracts, stipulated orders are agreements reached by and between the parties." *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000) (citations omitted). "In interpreting a contract, this Court's obligation is to determine the intent of the parties. This Court must examine the language of the contract and accord the words their ordinary and plain meanings, if such meanings are apparent." *In re Smith Trust*, 274 Mich App 283, 285; 731 NW2d 810 (2007) (citations omitted).

"A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 404; 651 NW2d 756 (2002). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *In re Ingham Co Treasurer for Foreclosure*, 331 Mich App 74, 77; 951 NW2d 85 (2020) (quotation marks and citations omitted).

## III. DISCUSSION

Sursely argues that the stipulation is ambiguous, and extrinsic evidence shows that it only was intended to dismiss Progressive from Sursely's claim for PIP benefits. Sursely also argues that the trial court erred by denying the motion for relief from judgment. We disagree.

"A contract is ambiguous when two provisions irreconcilably conflict with each other, or when a term is equally susceptible to more than a single meaning." *Coates v Bastian Brothers, Inc*, 276 Mich App 498, 503; 741 NW2d 539 (2007) (cleaned up). "If the contractual language is unambiguous, courts must interpret and enforce the contract as written. Thus, an unambiguous contractual provision is reflective of the parties' intent as a matter of law." *In re Smith Trust*, 274 Mich App at 285 (quotation marks and citations omitted).

The May 18, 2022 stipulated order is an unambiguous contract. The order states that Progressive "shall be and is hereby dismissed from this matter, with prejudice." Under the plain and ordinary meaning of the contractual language, the stipulated order completely dismissed Progressive from the case. Nothing in the language of the stipulation suggests that Progressive's dismissal was limited to Sursely's PIP claim. The contract is not capable of conflicting interpretations because it clearly states that Progressive is "dismissed from this matter, with prejudice." The stipulated order thus dismissed Progressive from the entire matter, not just from some of Sursely's claims.[3] We affirm the May 18, 2022 stipulated order.

We also affirm the trial court's December 28, 2022 order denying Sursely relief from the May 18, 2022 order. Under MCR 2.612(C)(1)(a), a trial court may relieve a party from a final judgment or order based on mistake, inadvertence, surprise, or excusable neglect. However,

---

[3] Because the contract is unambiguous, we need not consider e-mail evidence referenced by Sursely. The parol-evidence rule "prohibits the use of extrinsic evidence to interpret unambiguous language within a document." *Shay v Aldrich*, 487 Mich 648, 667; 790 NW2d 629 (2010).

unilateral mistake does not justify setting aside a stipulation order. *Limbach v Oakland Co Rd Comm'n*, 226 Mich App 389, 394; 573 NW2d 336 (1997).

> Generally, a court may not change or rewrite plain and unambiguous contract language under the guise of interpretation. But a court of equity has power to reform the contract to make it conform to the agreement actually made. To obtain reformation, a plaintiff must prove a mutual mistake of fact, or mistake on one side and fraud on the other, by clear and convincing evidence. A unilateral mistake is not sufficient to warrant reformation. [*Wolf v Mahar*, 308 Mich App 120, 129-130; 862 NW2d 668 (2014) (cleaned up).]

The parties unambiguously agreed that Progressive would be dismissed from the case. If Sursely mistakenly understood the contract to only dismiss Progressive from Sursely's PIP claim, this was a unilateral mistake that does not justify relief. Moreover, while fraud may justify relief from judgment, see MCR 2.612(C)(1)(c), there is nothing in the record to suggest that the straightforward contents of the one-page stipulated order were somehow misrepresented to Sursely by Progressive. See *Titan Ins Co v Hyten*, 491 Mich 547, 557; 817 NW2d 562 (2012). Therefore, the trial court did not abuse its discretion by denying Sursely's motion for relief from judgment.

## IV. CONCLUSION

The stipulated order unambiguously dismissed Progressive from the case, and the trial court did not abuse its discretion by denying Sursely's motion for relief from judgment. We affirm.

/s/ Sima G. Patel
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan