*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHAD ATHERTON and THADINE ARONOVICH, also known as BRITT ARONOVICH, also known as BRITT THADINE ARONOVICH,

　　　　　Plaintiffs-Appellants,

v

JARRED SPER, SARA SPER, SUMMIT COURT HOLDINGS LLC, DREAMERS AND DOERS 3981 LLC, KYLE SISCHO, and DETACH LLC,

　　　　　Defendants-Appellees.

UNPUBLISHED
June 03, 2025
1:47 PM

No. 368977
Kent Circuit Court
LC No. 23-003012-CB

Before: PATEL, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

In this property dispute regarding a right of first refusal, plaintiffs appeal as of right the trial court's order denying their motion for reconsideration, in part. We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendants Jarred and Sara Sper (the Spers) owned a large tract of mostly undeveloped property in Rockford, Michigan. In 2017, plaintiffs bought a home and 10 acres of the property from the Spers. The purchase agreement included an addendum stating: "Buyers to have first right of refusal to purchase any additional land that the seller owns surrounding [plaintiffs' property]." In the following years, plaintiffs and the Spers became friends and often socialized with each other. The parties sometimes had informal discussions about whether plaintiffs were interested in buying more of the Spers' land, but plaintiffs believed the Spers's asking price was too high.

In 2022, the Spers executed a quitclaim deed for approximately 50 acres of their property—a portion of which was adjacent to plaintiffs' property—to defendant Summit Court Holdings, LLC (Summit), for $0. Jarred was the sole voting member involved with Summit, and stated the

-1-

transfer was for liability purposes.[1] The next week, Summit executed a memorandum of a land contract selling the 50-acre parcel to defendant Dreamers and Doers 3981, LLC (Dreamers and Doers), for $419,000—a price that was much lower than the price, per acre, the Spers previously discussed with plaintiffs. Jarred owned Dreamers and Doers in equal part with his brother, Stephen, and friend, defendant Kyle Sischo. The land contract included a lease agreement to allow defendant Detach, LLC (Detach) to operate a campground on the land, which had been a longtime goal of Dreamers and Doers' members.

When plaintiffs learned about the transfer after the fact, they filed suit for breach of contract. Plaintiffs sought specific performance or monetary damages, but emphasized that the most appropriate remedy was specific performance. After a bench trial, the trial court found the transaction did not trigger plaintiffs' right of first refusal because it was not an "arm's-length transaction." The trial court denied plaintiffs' motion for reconsideration. Plaintiffs now appeal.

## II. STANDARDS OF REVIEW

"We review for an abuse of discretion a trial court's decision on a motion for reconsideration." *Masrur v Regents of Univ of Mich*, 344 Mich App 102, 110; 999 NW2d 55 (2022). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Ickes v Korte*, 331 Mich App 436, 440; 951 NW2d 699 (2020). A trial court also "necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). For cases concerning equitable relief, "an appellate court will set aside a trial court's factual findings only if they are clearly erroneous, but whether equitable relief is proper under those facts is a question of law that appellate courts review de novo." *McDonald v Farm Bureau Ins Co*, 460 Mich 191, 197; 747 NW2d 811 (2008). "Questions involving the proper interpretation of a contract or the legal effect of a contractual clause are also reviewed de novo." *Id*.

## III. ANALYSIS

Plaintiffs argue the trial court erred when it determined their right of first refusal was not triggered by Summit's sale of the 50-acre parcel to Dreamers and Doers. We agree.

"A right of first refusal, or preemptive right, is a conditional option to purchase dependent on the landowner's desire to sell." *Randolph v Reisig*, 272 Mich App 331, 336; 727 NW2d 388 (2006). It "empowers its holder with a preferential right to purchase property on the same terms offered by or to a bona fide purchaser[,]" and "limits the right of the owner to dispose freely of his or her property by compelling him or her to offer it first to the party who has the first right to buy." *In re Smith Trust*, 274 Mich App 283, 287; 731 NW2d 810 (2007), quoting 17 CJS, Contracts, § 56, p 503. "[T]he promisee in a right of first refusal agreement cannot exercise any right to purchase property unless the seller decides to sell to a different buyer." *Randolph*, 272 Mich App at 339. "Consistent with construction of contracts in general, rights of first refusal are to be

---

[1] The record is somewhat inconsistent about whether Sara was a nonvoting member, but this is not relevant to the issue on appeal.

interpreted narrowly." *LaRose Market, Inc v Sylvan Ctr, Inc*, 209 Mich App 201, 205; 530 NW2d 505 (1995).

A right of first refusal is only triggered by a "sale." *Id*. at 208. Addressing a similar situation in terms of a lease agreement, this Court, in *LaRose*, concluded: "For purposes of a right of first refusal, a 'sale' occurs upon the transfer (a) for value (b) of a significant interest in the subject property (c) to a stranger to the lease, (d) who thereby gains substantial control over the leased property." *Id*., quoting *Prince v Elm Investment Co, Inc*, 649 P2d 820, 823 (Utah, 1982). The rule is easily applied in this case by simply replacing the term "lease" with "purchase agreement."

The trial court reasoned the transfer was not a "sale" under *LaRose* because there was no bona fide, arm's length sale, and that, while "two non-parties joined in the project [Stephen and Kyle], Dreamers and Doers . . . can hardly be described as 'strangers' to the other parties to the contract[.]" The trial court misinterpreted the rule in *LaRose*. *LaRose* does not require a "sale" to be a bona fide, arm's length sale, only that it be "for value[.]" *LaRose Market*, 209 Mich App at 208. There is no dispute that Summit sold the property to Dreamers and Doers for $419,000. Unlike the $0 transfer from the Spers to Summit, this transfer was certainly "for value[.]" *Id*.

There is also no dispute that "a significant interest in the subject property" was transferred to another entity which "thereby gain[ed] substantial control over the . . . property." *Id*. Jarred, through Summit, owned 100% of the 50-acre plot, while Dreamers and Doers owned nothing. After the transfer, Jarred's control of the property decreased from 100% to 33%, while Stephen and Kyle's shares, together, increased from 0% to 67%. Thus, the only question that remains is whether the transfer was to "a stranger to the [purchase agreement.]" *Id*.

The trial court seems to have interpreted the term "stranger" in the context of the buyer's relationship to the parties themselves. This, however, is not the relevant inquiry. The buyer must be a stranger *to the contract* containing the right of first refusal, not the parties involved. The purchase agreement was between plaintiffs and the Spers. Neither Stephen, Kyle, or Dreamers and Doers as an entity were parties to this contract. Hence, the "significant interest" in question—67% control of the property—was, in fact, transferred to "stranger[s] to the [purchase agreement.]" *Id*. Because all four prongs are satisfied, Summit's sale of the parcel to Dreamers and Doers triggered plaintiffs' right of first refusal, and the trial court erred by holding otherwise.

We reverse and remand this case to the trial court to fashion an appropriate remedy for plaintiffs. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron